William MORRIS, Light Speed Transportation Services, Inc., and Industrial Cutting & Trailer Inc., d/b/a Light Speed Transportation Services, Appellants,

v.

Ricardo ZESATI, d/b/a Transportation Equipment Sales, Appellee.

No. 08–04–00144–CV.

Court of Appeals of Texas, El Paso.

March 17, 2005.

William Morris, Rincon, GA, pro se.

Mark N. Osborn Kemp, Smith, El Paso, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### OPINION

ANN CRAWFORD McCLURE, Justice.

This is an appeal from a default judgment arising from a suit for breach of contract. Because the trial court had *in personam* jurisdiction and the parties were duly served but failed to answer, we affirm.

### FACTUAL SUMMARY

Ricardo Zesati, d/b/a Transportation Equipment Sales (Zesati) sued William Morris (Morris), Light Speed Transportation Services, Inc. (Light Speed), and Industrial Cutting & Trailer, Inc. d/b/a Light Speed Transportation Services (Industrial), collectively Appellants, for breach of contract. Zesati is in the business of buying and selling trucks and trailers. He alleged that both Industrial and Light Speed were Georgia corporations doing business in Texas and that Morris was a resident of Georgia doing business in Texas. The petition claimed that Appellants were nonresidents subject to the Texas long arm statute since they entered into a contract with a Texas resident which was to be partially performed in Texas. Zesati sought service through the Secretary of the State of Texas. None of the defen-

dants answered. On May 27, 2004, the trial court entered a default judgment awarding Zesati $144,750 in damages. This appeal follows.

In Point of Error One, Appellants contend that the trial court lacked personal jurisdiction since the contract was written, accepted, and signed in Georgia. In Point of Error Two, they claim that the default judgment was improper since answers had been filed.

## JURISDICTION OVER NONRESIDENTS

A nonresident does business in this state if it contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in Texas. Tex.Civ.Prac. & Rem.Code Ann. § 17.042(1)(Vernon 1997). Process may be served on the person in charge of any business in which the nonresident is engaged if the nonresident is not required by statute to designate or maintain a resident agent for service of process. Tex.Civ. Prac. & Rem.Code Ann. § 17.043. For purposes of our analysis, the Secretary of State is an agent for service of process on a nonresident who engages in business in Texas but does not maintain a regular place of business here. Tex.Civ.Prac. & Rem.Code Ann. § 17.044(b). If served with duplicate copies of process for a nonresident, the Secretary of State shall immediately mail a copy of the process to the nonresident at the address provided by registered mail or by certified mail, return receipt requested. Tex.Civ.Prac. & Rem. Code Ann. § 17.045(a), (d)(Vernon Supp. 2004–05).

■ In an attack upon a default judgment, no presumption of due service of citation arises from recitals in the judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). Jurisdiction must affirmatively appear on the face of the rec-

ord. *Id.* at 930. The burden is upon the plaintiff to demonstrate strict compliance with the requirements of the long arm statute. *Cars and Concepts, Inc. v. Funston*, 601 S.W.2d 801, 802 (Tex.Civ.App.-Fort Worth 1980, writ ref'd n.r.e.). The plaintiff must also (1) plead facts which, if true, would require the defendant to answer; and (2) prove that the defendant was served in the required manner. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex.1973). Rule 107 prohibits a default judgment until citation and proof of service have been on file for ten days. Tex.R.Civ.P. 107.

■ Appellants claim that the trial court lacked jurisdiction since (1) Zesati flew to Georgia to execute the contract, (2) the contract was signed in Georgia, (3) Zesati wrote Appellants a check in Georgia, and (4) the contract stated "State of Georgia, Effingham County" at the top. The record establishes otherwise. Appellants were doing business in Texas; they entered into a contract with a Texas resident which was to be partly performed in Texas. *See* Tex.Civ.Prac. & Rem.Code Ann. § 17.042(1). Zesati sufficiently pled facts requiring Appellants to answer the suit. *Whitney*, 500 S.W.2d at 95.

Zestati also established that the defendants were properly served. A constable of Travis County served the Secretary of State with the petition for Morris on March 16, 2004. The Secretary of State sent the petition to Morris on March 19, and the return receipt was signed by the addressee's agent on March 23. The constable served the Secretary of State with the petition for both Light Speed and Industrial on April 15, 2004. The Secretary of State in turn sent the petition to Light Speed and Industrial on April 19, and the return receipt was signed by the addressees' agent on April 22. The citation and proof of service for Morris had been on file

since March 31. The documentation for Light Speed and Industrial had been on file since April 29. The default judgment was signed on May 27. Citation and proof of service for each defendant had been on file for at least ten days at the time the default judgment was taken. Because the defendants were properly served, the trial court had personal jurisdiction pursuant to the Texas Long Arm Statute. Point of Error One is overruled.

## FAILURE TO FILE ANSWER

In Point of Error Two, Appellants argue that the default judgment was improper since they answered the suit on three different occasions. They also complain that they were never notified of a hearing on the default judgment despite the fact that Zesati's attorney was in direct contact with them.

A defendant's answer must be filed by 10 a.m. on the Monday next following the expiration of twenty days after the date of service. Tex.R.Civ.P. 99(b). Answer day for Morris was April 19. *See* Tex.R.Civ.P. 4, 99(b). Answers on behalf of Light Speed and Industrial were due to have been filed no later than May 17. *See* Tex.R.Civ.P. 4. There is nothing in the record to indicate that any of the defendants ever answered the suit.

 At any time after a defendant is required to answer, the plaintiff may take a default judgment if no answer is filed, provided that the citation with the officer's return thereon shall have been on file with the clerk for ten days, exclusive of the day of filing and the day of judgment. Tex. R.Civ.P. 107, 239. No advance notice of a hearing is required for a no-answer default judgment. *Clements v. Barnes,* 822 S.W.2d 658, 660 (Tex.App.-Corpus Christi 1991), *rev'd on other grounds,* 834 S.W.2d 45 (Tex.1992). We overrule Point of Error

Two and affirm the judgment of the trial court.

LARSEN, J., not participating.