

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-010-CV

LEASE FINANCE GROUP, LLC                                APPELLANT

V.

RANDY CHILDERS, ARLINGTON                              APPELLEES
MOTOR CARS USA, AND JP
MORGAN CHASE BANK, N.A.

------------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## OPINION

------------

### I. Introduction

Appellant Lease Finance Group, LLC ("LFG") appeals a judgment of

garnishment in favor of Appellees Randy Childers and Arlington Motor Cars

USA[1] against JP Morgan Chase Bank, N.A. ("Chase").[2] LFG contends in three issues that the trial court erred by denying LFG's motion to set aside judgment and for new trial. We reverse and remand.

## II. Factual and Procedural Background

AMC obtained a default judgment against LFG on May 2, 2008, in the amount of $24,500. On September 12, 2008, AMC filed an application for writ of garnishment naming Chase as garnishee and seeking to garnish funds held by Chase for LFG. The trial court issued the writ on September 15, 2008, and Chase was served with the writ on September 19, 2008. Chase filed its original answer on October 7, 2008. AMC and Chase then submitted an "agreed" judgment of garnishment to the trial court that was signed by counsel for AMC and Chase; the "agreed" judgment was not signed by LFG.

The trial court signed the judgment of garnishment on October 10, 2008. The judgment stated in the first paragraph:

> The Court, having found that Judgment-Defendant [LFG] has been properly served with a copy of the Writ of Garnishment in accordance with Rule 663a and has failed to answer or to otherwise enter an appearance in this garnishment suit, is of the

---

[1] We will collectively refer to Appellees Childers and Arlington Motor Cars USA as "AMC."

[2] Chase, the garnishee in the trial court, is an appellee in this case but did not file a brief.

opinion that judgment should be rendered in accordance with the pleadings on file and as set forth herein.

Unaware of the October 10 judgment of garnishment, LFG filed its "Original Answer and Motion to Dissolve Writ of Garnishment" on October 24, 2008. LFG first learned of the October 10 judgment of garnishment at the hearing on its motion to dissolve on November 3, 2008.[3]

LFG thereafter filed a "Motion to Set Aside Judgment in Garnishment and for New Trial" on November 7, 2008, claiming it was not served in strict compliance with the rules of civil procedure. LFG submitted an affidavit by its attorney, Mark Snyder, in support of the motion. Snyder stated in the affidavit that he told AMC's attorney, Franklin Cram, on either October 6 or October 7, 2008, that he would not accept service of the writ of garnishment on behalf of LFG. Snyder also averred that he received a faxed letter from Cram on October 9, 2008. The October 9, 2008 letter enclosed a copy of an undated facsimile to LFG forwarding the writ of garnishment and application for writ of garnishment. Snyder further testified that he was unaware AMC had moved forward with the judgment of garnishment on October 10, 2008, and that he

---

[3] There is no reporter's record from the November 3 hearing or written order on LFG's motion to dissolve writ of garnishment. However, the trial court's docket sheet indicates the trial court denied LFG's motion to dissolve writ of garnishment.

incorrectly calculated LFG's answer day as if responding to service of citation rather than a writ of garnishment.

LFG attached a copy of the October 9, 2008 letter from Cram as an exhibit to Snyder's affidavit. In the October 9, 2008 letter to Snyder, Cram stated: "I am enclosing the fax I sent [to LFG]." Although the enclosed facsimile included the writ of garnishment, the application for writ of garnishment, and an affidavit from Childers, the October 9, 2008 letter did not set forth the date on which AMC sent the facsimile to LFG. Further, the enclosed facsimile is not dated and does not include facsimile-transmission information indicating when AMC sent it; the only facsimile-transmission information relates to the facsimile sent by Cram to Snyder on October 9, 2008, the day before the trial court signed the agreed judgment.

The trial court conducted a hearing on LFG's Motion to Set Aside Judgment in Garnishment and for New Trial on December 5, 2008. Although LFG contested notice under rule 663a in its motion, AMC did not offer evidence of notice at the hearing or in a written response.[4] The trial court orally denied LFG's motion at the end of the hearing,[5] and this appeal followed.

---

[4] AMC filed a written response to LFG's motion on the day of the hearing, but AMC did not submit any evidence with the response.

[5] The trial court stated: "I'm going to deny the motion for new trial and let the parties proceed on the bill of review question." The bill of review

4

### III. Service of Writ of Garnishment on LFG

In its first and second issues, LFG argues the trial court erred by denying its motion to set aside judgment and for new trial because there is no evidence in the record that LFG was properly served with notice of the writ of garnishment, or, alternatively, the notice LFG received was untimely.[6] In response, AMC contends the trial court correctly denied LFG's motion because the judgment recites notice was proper under rule 663a, there is no minimum notice required under rule 663a, and LFG failed to prove that it was not served in compliance with rule 663a.[7]

#### A.   Standard of Review

A trial court's order denying a motion to set aside a default judgment or for new trial is reviewed under an abuse of discretion standard. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984); *Martinez v. Martinez*, 157 S.W.3d

proceeding filed by LFG is not before this court, and we express no opinion on the merits of that proceeding.

[6] We address LFG's first and second issues together because they involve the same questions of law and fact.

[7] AMC also argues LFG waived its notice arguments by not raising them in its motion to set aside and for new trial. We disagree. LFG specifically stated on the first page of its motion that a "judgment in garnishment is subject to being set aside" where the "judgment debtor has not been give[n] proper notice of a garnishment pursuant to Rule 663a of the Texas Rules of Civil Procedure" and that "[t]he notice allegedly given to [LFG] did not comply with Rule 663a."

467, 469 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  The trial court abuses its discretion if it acts without reference to any guiding rules or principles.  *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997).

## B.    Applicable Law

"A writ of garnishment impounds the alleged money, property, or credits of the debtor."  *Mendoza v. Luke Fruia Invs., Inc.*, 962 S.W.2d 650, 651 (Tex. App.—Corpus Christi 1998, no pet.) (citing *Beggs v. Fite*, 130 Tex. 46, 52, 106 S.W.2d 1039, 1042 (1937)).  "The writ of garnishment affords a harsh remedy.  It was not known to the common law, but is purely statutory."  *Walnut Equip. Leasing Co. v. J-V Dirt & Loam*, 907 S.W.2d 912, 914 (Tex. App.—Austin 1995, writ denied).  "For this reason, garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules."  *Id.*  Specifically, "[t]he garnishor must strictly comply with the requirement that it serve the debtor, and its failure to comply is not a mere irregularity."  *Id.*  "Without proper service of the writ on the debtor, no control or custody of his property can be gained by his answer."  *Mendoza*, 962 S.W.2d at 652.

Rule 663a of the rules of civil procedure states, in relevant part:  "The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application,

6

accompanying affidavits and orders of the court as soon as practicable following the service of the writ." Tex. R. Civ. P. 663a; *see also Hering v. Norbanco Austin I, Ltd.*, 735 S.W.2d 638, 641 (Tex. App.—Austin 1987, writ denied). Actual knowledge or a voluntary appearance by the debtor is insufficient and does not waive rule 663a's requirement of service of the writ. *Walnut Equip. Leasing Co.*, 907 S.W.2d at 914; *Hering*, 735 S.W.2d at 642; *see also Requena v. Salomon Smith Barney, Inc.*, No. 01-00-00783-CV, 2002 WL 356696, at *3 (Tex. App.—Houston [1st Dist.] March 7, 2002, no pet.); *Mendoza*, 962 S.W.2d at 652. Although rule 663a does not entitle a debtor to a minimum of twenty days' notice as with service of an original petition, *Mullins v. Main Bank & Trust*, 592 S.W.2d 24, 26 (Tex. Civ. App.—Beaumont 1979, no writ), the debtor does have the right to service of the writ of garnishment and related documents "as soon as practicable following the service of the writ" on the garnishee. Tex. R. Civ. P. 663a.

### C.    Analysis

LFG argues the trial court erred by denying its motion to set aside and for new trial because there is no evidence in the record that LFG was served with notice of the writ of garnishment, or, alternatively, that the notice LFG received was untimely. Before addressing LFG's issues, we must first address AMC's contentions that there is sufficient evidence of service because the judgment

7

recites service was proper under rule 663a, that there is no minimum notice required under rule 663a, and that LFG had the burden to prove it was not properly served under rule 663a.

### 1.    No Presumption of Service from Recitation in Judgment

AMC contends there is sufficient evidence of service because the judgment recites LFG was served in compliance with rule 663a.  Although a recitation of due notice in a judgment is some, but not conclusive, evidence of proper notice of trial settings and hearings, *see Osburn v. Osburn*, 961 S.W.2d 408, 411 (Tex. App.–Houston [1st Dist.] 1997, pet. denied), the rule does not apply to default judgments.  In an attack upon a default judgment, a recitation of due service in the judgment does not lead to a presumption of due service. *Morris v. Zesati*, 162 S.W.3d 669, 671 (Tex. App.— El Paso 2005, no pet.) (citing *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)).  Instead, the plaintiff must "prove that the defendant was served in the required manner." *Id.*

Here, the judgment in garnishment is analogous to a default judgment because the trial court signed the judgment in garnishment before LFG answered or otherwise appeared.  *See* Tex. R. Civ. P. 239 (providing trial court may render default judgment on the pleadings against a defendant that has not filed an answer); *see also Crowe v. Ware,* No. 05-96-01294-CV, 1998 WL

8

258398, at *1–2 (Tex. App.—Dallas May 22, 1998, no pet.) (treating judgment in garnishment as default judgment on appeal by judgment debtor claiming lack of service under rule 663a). While the judgment debtor is not a necessary party to the garnishment action, the rules require that he be served under rule 663a. *Hering,* 735 S.W.2d at 642 (citing Horseley, *Collecting on Judgments* (State Bar of Texas Professional Development Program 1981)).

"Rule 663a is unambiguous in its requirement that the debtor be given notice of the garnishment and of his rights to regain his property." *Id.* at 641. "[G]arnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Walnut Equip. Leasing Co.*, 907 S.W.2d at 914. "[N]o control or custody of [a judgment debtor's] property can be gained by his answer" without proper service of the writ. *Mendoza*, 962 S.W.2d at 652. The creditor's failure to strictly comply with the pertinent rules "is fatal to its judgment in the *garnishment action*." *Hering*, 735 S.W.2d at 641 (emphasis in original). We believe the rule applicable to default judgments should apply to judgments in garnishment and hold that a recitation of due service in a judgment in garnishment does not lead to a presumption of due service. *See generally Morris*, 162 S.W.3d at 671. In this case, LFG attacked the default judgment in garnishment by contending AMC did not serve LFG in compliance with rule 663a. Thus, even though the judgment in

9

garnishment recites that LFG was properly served under rule 663a, there is no presumption of valid service.

### 2. Rule 663a Requires Service As Soon As Practicable

AMC next contends rule 663a does not establish a prescribed period in which a garnishor must serve a writ of garnishment on the debtor. We disagree. Rule 663a specifically requires service on the judgment debtor "as soon as practicable following service of the writ" on the garnishee. Tex. R. Civ. P. 663a. "As soon as practicable" is not susceptible to a definitive definition equally applicable in all cases, but we note that a fifteen-day delay before serving the debtor does not satisfy the strict requirements of rule 663a. *See Requena*, 2002 WL 356696, at *4. Thus, we reject AMC's contention that rule 663a does not establish a prescribed period in which the garnishor must serve the debtor.

### 3. AMC had the Burden to Prove Proper Service

AMC also argues the trial court correctly denied LFG's motion to set aside judgment and for new trial because LFG failed to prove it was not served in compliance with rule 663a. In doing so, AMC incorrectly assumes LFG had the burden to prove it was not properly served under the rule.

Rule 663a permits service on the debtor "as provided in Rule 21a." Tex. R. Civ. P. 663a. Under rule 21a, all notices, other than citation, may be served

10

by delivering a copy to the party either in person, by agent, or by certified or registered mail to the party's last known address or by fax to the party's current telecopier address. Tex. R. Civ. P. 21a. "A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." *Id*. Rule 21a further provides that "the party or attorney of record *shall* certify to the court compliance with this rule in writing over signature and on the filed instrument." *Id.* (emphasis added); *see also Crowe,* 1998 WL 258398, at *1 (noting certificate of service on file at time of garnishment judgment established service by regular mail although certified mail was returned unopened).

However, where the record does not contain a certificate of service, an officer's return, or an affidavit showing service of notice, there is no presumption of receipt, and the party contending it properly sent notice has the burden of proving proper notice under rule 21a. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005); *see Crowe*, 1998 WL 258398, at *2 (citing *Walnut,* 907 S.W.2d at 915 and *Hering,* 735 S.W.2d at 642 and holding rule 663a requires proof that debtor was properly served under rule 21a). Because AMC did not file a certificate of service, an officer's return, or an affidavit

11

showing service, AMC had the burden to prove proper service under rule 21a. *Mathis*, 166 S.W.3d at 745.[8]

### 4. AMC Did Not Prove It Served LFG As Soon As Practicable

We next consider whether the record contains sufficient evidence that AMC served LFG in compliance with rule 663a. It is undisputed that AMC did not serve LFG in a manner prescribed for service of citation. Thus, if AMC properly served LFG, AMC must have done so "as provided in Rule 21a." *See* Tex. R. Civ. P. 663a. In this case, the combination of rules 21a and 663a required AMC to deliver a copy of the writ of garnishment to either LFG (or its duly authorized agent) or LFG's attorney of record as soon as practicable after service on the garnishee on September 19, 2008. *See* Tex. R. Civ. P. 21a, 663a.

First, AMC has not shown that it served LFG by serving LFG or its duly authorized agent as soon as practicable. The only evidence of service in the record is the October 9, 2008 letter and its enclosed facsimile. The October

---

[8] In this appeal from the trial court's denial of LFG's motion to set aside judgment and for new trial, we express no opinion as to which party bears the burden of proof on a motion under rule 664a. *See* Tex. R. Civ. P. 664a (permitting trial court to dissolve or modify writ of garnishment upon sworn motion by judgment debtor or other intervening party claiming interest in garnished property). Our holding applies only to proof of timely service under rule 663a "as provided in Rule 21a" in the absence of a certificate of service, an officer's return, or other prima facie proof of service. *See* Tex. R. Civ. P. 663a, 21a.

9, 2008 letter states, "I am enclosing the fax I sent to [LFG]," but it does not set forth the date AMC claims it sent the enclosed facsimile to LFG. The enclosed facsimile is not dated, and it does not include any facsimile-transmission information to indicate when AMC sent it. While the lack of a date on the facsimile does not necessarily defeat the fact of service under rule 21a, the lack of a date does mean AMC has not shown that it served LFG "as soon as practicable" as required by rule 663a. *See* Tex. R. Civ. P. 663a.

Second, AMC has not shown that it served LFG as soon as practicable through LFG's attorney of record. The record reflects AMC's attorney sent the undated facsimile as an enclosure to the October 9, 2008 letter to Snyder. Assuming without deciding that Snyder was LFG's attorney of record on October 9, 2008,[9] we note that the garnishee, Chase, was served on September 19, 2008, and that the trial court signed the judgment in garnishment on October 10, 2008. Thus, AMC served a copy of the writ of garnishment on LFG's attorney twenty days after service on the garnishee and one day before the trial court signed the judgment in garnishment. However, nothing in the record explains the twenty-day delay in service. Under these

---

[9] It is unclear from the record whether LFG, as of October 9, 2008, had retained Snyder to represent LFG in the garnishment action or whether LFG had only retained Snyder to file a bill of review to attack the underlying judgment. Because it does not affect our holding, we assume Snyder represented LFG in the garnishment action as of October 9, 2008.

13

circumstances, we hold AMC failed to prove that it served LFG through its attorney "as soon as practicable" as required by rule 663a.  Tex. R. Civ. P. 663a; *see also Requena*, 2002 WL 356696, *3–4 (holding garnishor did not serve judgment debtor "as soon as practicable" where garnishor could have reasonably served judgment debtor fifteen days before it did).

AMC's failure to prove it strictly complied with rule 663a is fatal to its judgment in garnishment.  "It has long been the law of this State that if a judgment-creditor intends to avail himself of the State's aid in effecting a deprivation of property, he must strictly comply with the pertinent rules." *Hering*, 735 S.W.2d at 641.  Because the record does not reflect service of the writ of garnishment on LFG as soon as practicable in compliance with rule 663a, the trial court abused its discretion in denying LFG's motion to set aside and for new trial.  We sustain LFG's first and second issues.[10]

---

[10] Because we sustain LFG's first and second issues and hold AMC did not serve LFG in compliance with rule 663a, we need not address LFG's third issue in which it contends it satisfied the second and third elements of the *Craddock* test for overturning default judgments.  *See Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (where there is no actual or constructive notice of a trial setting, a party need not show "he had a meritorious defense as a condition to granting his motion for new trial"); *In re Marriage of Runberg*, 159 S.W.3d 194, 200 (Tex. App.—Amarillo 2005, no pet.) (applying *Lopez* to both the second and third elements of the *Craddock* test).

14

## IV. Conclusion

Having sustained LFG's first and second issues, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. filed a dissenting opinion.

DELIVERED: March 18, 2010

15



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-010-CV

LEASE FINANCE GROUP, LLC                                    APPELLANT

V.

RANDY CHILDERS, ARLINGTON                                   APPELLEES
MOTOR CARS USA, AND JP
MORGAN CHASE BANK, N.A.

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## DISSENTING OPINION

------------

I respectfully dissent.

The final garnishment judgment at issue recites that the judgment-debtor

in the underlying garnishment proceeding, Appellant Lease Finance Group, LLC

(LFG) was given proper notice of the garnishment proceeding by the judgment

creditors, Appellees Randy Childers and Arlington Motor Cars USA (collectively

referred to herein as AMC).  The judgment specifically states that "[t]he Court

. . . found that Judgment-Defendant Lease Finance Group, LLC has been properly served with a copy of the Writ of Garnishment in accordance with Rule 663a." LFG filed a motion for new trial. LFG's motion for new trial does not allege that it failed to receive notice—at best, LFG's motion for new trial claims that the notice it received was defective in some unspecified way.[1]

The trial court conducted a hearing on LFG's motion for new trial. At that hearing, LFG bore the burden to establish that it was entitled to a new trial—that is, to offer evidence supporting its global allegation made in LFG's motion for new trial that its attorney did not believe that the notice given to LFG was valid.[2] LFG failed to do so. Although provided with the opportunity,

---

[1] LFG's motion for new trial states that "[w]here a judgment debtor has not been give [sic] proper notice of a garnishment pursuant to Rule 663a of the Texas Rules of Civil Procedure, the judgment in garnishment is subject to being set aside." And the motion alleges that LFG's attorney Mark Snyder "did not believe that a valid notice of the Garnishment Action had been made upon [LFG] in that the notice as represented to him by Plaintiffs' counsel did not comply with Rule 663a of the Texas Rules of Civil Procedure." Nowhere in LFG's motion for new trial does it allege that it received no notice.

[2] The majority inexplicably places the initial burden of proof at LFG's motion for new trial hearing on the judgment creditor, AMC. It is true that once the party claiming lack of notice or service (here LFG) makes a sworn allegation of lack of notice or comes forward with evidence or testimony supporting an allegation of lack of notice, then the burden shifts to the opposing party (here AMC) to prove proper service or notice. *See, e.g.*, *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (explaining that "testimony by Lockwood's counsel that notice was sent did not contradict *Mathis's testimony that notice was never received*") (emphasis added). But the initial burden of proof is upon the party claiming lack of notice; in *Mathis*, the party claiming lack of notice

2

LFG did not call any LFG employee to testify at the motion for new trial hearing that LFG did not receive notice. Nor did LFG present to the trial court an affidavit from any LFG officer or employee affirmatively stating that LFG had not received notice. LFG offered no evidence in support of its motion for new trial.

LFG instead relied exclusively on an affidavit of its current attorney, Mark Snyder,[3] that was attached to LFG's motion for new trial. Snyder's affidavit does not allege that LFG did not receive notice. Snyder's affidavit indicates the opposite—that copies of the required documents *were* faxed directly to LFG at

---

met his initial burden by providing testimony that notice was never received. *Id*. Likewise, contrary to the majority's position, notice is not automatically defective for the failure to include a rule 21a certificate of service; in this situation the party claiming lack of notice must still meet his initial burden of proof by coming forward with a sworn allegation or evidence that notice was not received before the burden shifts to the opposing party to prove proper notice was given. *Id*.; *see also Campsey v. Campsey*, 111 S.W.3d 767, 771–72 (Tex. App.–Fort Worth 2003, no pet.) (explaining it is the appellant's initial burden to overcome the presumption of proper notice and that the presumption "may not be discharged by mere allegations, unsupported by affidavits or other competent evidence"); *Hanners v. State Bar of Tex*., 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, no writ) (same). LFG did not meet this initial burden.

[3] Snyder refused to accept rule 663a service on LFG, claiming he was not LFG's attorney in the garnishment proceeding at that time. Apparently, Snyder subsequently became LFG's attorney in the garnishment proceeding as he swore in his affidavit that he had miscalculated LFG's response date in the garnishment proceeding and filed a motion for new trial along with his affidavit for LFG in the garnishment proceeding.

3

some time prior to the signing of the judgment of garnishment.[4] *See* Tex. R. Civ. P. 663a (authorizing service of the writ of garnishment on the judgment debtor as provided in rule 21a); Tex. R. Civ. P. 21a (authorizing service by "telephonic document transfer to the recipient's current telecopier number").

Although Snyder's affidavit does aver that the notice given to LFG was—in some unidentified way—not in compliance with rule 663a of the rules of civil procedure, at the motion for new trial hearing LFG offered no explanation of exactly how the notice was purportedly not in compliance with rule 663a and offered no evidence in support of this contention. Assuming this broad, global allegation that notice did not comply with rule 663a preserved a complaint that notice to LFG was not provided as soon as practicable, LFG nonetheless failed to introduce any evidence of this alleged fact. *See* Tex. R.

---

[4] Specifically, Snyder swore that

Plaintiffs' attorney transmitted a fax to me on October 9, 2008, which he advised was the fax transmittal of notice to the Garnishment to [LFG] . . . .

. . . .

The alleged transmittal [sic] the judgment debtor, as contained in the fax did not comply with the requirements of Rule 663a, but was instead merely a copy of an undated fax transmittal dated [sic] the Writ of Garnishment and the Application for Writ of Garnishment.

4

Civ. P. 663a (requiring notice be given to judgment debtor "as soon as practicable following the service of the writ"). Because LFG did not prove or swear on what date it received the faxed notice (nor did LFG deny receiving the faxed notice), no evidence exists in the record of the date on which LFG received the faxed notice. In the absence of evidence of the date on which LFG received the faxed notice, no evidence exists that LFG did not receive it as soon as practicable.[5]

Because LFG failed to meet its burden of offering evidence, or at least a sworn allegation, that it either did not receive the notice faxed to it or that the notice was faxed to it on a date certain—that was not as soon as practicable, no evidence exists in the record before us that is contrary to the judgment's recitation of proper notice. In the absence of evidence in the record contrary

---

[5] In the only case cited by the majority, the judgment debtor established a date on which he received the required notice; then the trial court held that the notice was not provided as soon as practicable. *See Requena v. Salomon Smith Barney*, No. 01-00-00783-CV, 2002 WL 356696, at *4 (Tex. App.—Houston [1st Dist.] Mar. 7, 2002, no pet.) (not designated for publication) (explaining that the judgment debtor "was not served with a copy of the writ until June 27, 2000, a day *after* the trial court began its hearing"). Here, no date of receipt was proved by LFG; the majority's holding that the notice faxed to LFG was not provided as soon as practicable is pure speculation.

to the judgment's recitation of proper notice, we are required to presume that proper notice was given.[6]

The majority refuses to apply this presumption, claiming the garnishment judgment is akin to a default judgment.  I cannot agree; under the rules of civil procedure, a garnishment judgment entered in the absence of an answer from a judgment debtor is not a default judgment.  Under the rules of civil procedure, LFG, the judgment debtor, is not a party to the garnishment suit.  *See* Tex. R. Civ. P. 659 (providing that garnishment suit is docketed with plaintiff as plaintiff and garnishee as defendant).  Under the rules of civil procedure, LFG as the judgment debtor does not file an answer in the garnishment suit.  *See* Tex. R. Civ. P. 665 (providing that the answer filed by the *garnishee* shall be under oath); Tex. R. Civ. P. 667 (providing default judgment may be entered if *garnishee*, not judgment debtor, fails to file answer).  And finally, the majority's

---

[6] *See, e.g., Gen. Elec. Capital Assurance Co. v. Jackson*, 135 S.W.3d 849, 853 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (explaining that court order, which recited that all persons entitled to citation were properly cited, was entitled to presumption of correctness in absence of evidence to the contrary); *In re B.D.*, 16 S.W.3d 77, 80 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (applying presumption of regularity when the judgment indicated that notice had been given and there was no evidence to the contrary in the record); *Osborn v. Osborn*, 961 S.W.2d 408, 411–13 (Tex. App.—Houston [1st Dist.] 1997, writ denied) (explaining that recitation of proper notice in judgment constitutes some, but not conclusive, evidence that proper notice was given).

holding that every garnishment proceeding in which a judgment debtor chooses not to participate is a "default judgment" thwarts the very purpose underlying garnishment proceedings — to permit judgment creditors to collect monies owed to them pursuant to a final, already-litigated judgment.

Because LFG failed to meet its initial motion for new trial burden of presenting evidence or a sworn allegation that LFG did not receive notice or the date on which LFG did receive notice so that the trial court could determine whether that notice was provided as soon as practicable, I would hold that the trial court did not abuse its discretion by denying LFG's motion for new trial. I would affirm the trial court's judgment of garnishment. Because I am in the minority, I respectfully dissent.

SUE WALKER
JUSTICE

DELIVERED:  March 18, 2010

7