NO. 07-09-0248-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
17, 2010

 



 

CHARLES WILLIAMSON A/K/A CHARLES J. WILLIAMSON,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS AND WELLS FARGO BANK, N.A.,  

 

                                                                                         Appellees

_____________________________

 

FROM THE COUNTY COURT AT LAW NO 1 OF TRAVIS
COUNTY;

 

NO. C-1-CV-09-001389; HONORABLE J.
DAVID PHILLIPS, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Charles
Williamson (Williamson) files a pro se direct
appeal from the trial court’s order denying his motion to intervene and quash a
garnishment against funds of his held by Wells Fargo Bank, N.A. (Wells
Fargo).  He also asserts a restricted
appeal with respect to the propriety of the garnishment.  We reverse the order.

            Background

            The State of
Texas filed an application for a writ of garnishment against Wells Fargo on
February 9, 2009, to obtain money from bank accounts of Williamson for payment
on a judgment entered on September 8, 1997, against Williamson with respect to
a student loan obtained from the State. 
The record presented on appeal does not show service of the application
on Williamson at the time of its filing.[1]  A judgment agreed to by the State and Wells
Fargo was entered on February 24, 2009.  
That judgment was later amended by a judgment dated March 3, 2009, in
which the State recognized that some of the money in Williamson’s accounts was
exempt, and it was released for his benefit. 
The record indicates that, prior to the entry of the March 3 judgment,
Williamson had contacted the State claiming that some or all of the money was
exempt.  Thus, it is clear that he had
actual knowledge of the garnishment prior to entry of the March 3
judgment.  There is also evidence that at
some point he received a copy of the application from either the State or Wells
Fargo.  

            Williamson filed
an amended motion to intervene and quash the garnishment on March 10, 2009,
after entry of the final judgment.[2]  In that motion, he raised the lack of notice
to him as well as other defenses.  On
April 28, 2009, the court conducted a hearing on the motion at which time the
court ruled that it no longer had jurisdiction 
because the hearing had not been held within ten days pursuant to Rule
664a of the Rules of Civil Procedure. 
Thus, the merits of Williamson’s motion to intervene and quash were
never addressed.  He then filed both a
direct appeal from the trial court’s order and a restricted appeal.  

            Order on Motion to Intervene and Quash

            First,
Williamson challenges the trial court’s order denying his motion to intervene
and to quash the garnishment by arguing that the trial court had jurisdiction
to consider them.[3]  Rule 664a provides:  

A defendant
whose property or account has been garnished or any party who claims an
interest in such property or account, may by sworn written motion, seek to
vacate, dissolve or modify the writ of garnishment, and the order directing its
issuance, for any grounds or cause, extrinsic or intrinsic. . . . Unless the
parties agree to an extension of time, the motion shall be heard promptly,
after reasonable notice to the plaintiff . . ., and the issue shall be
determined not later than ten days after the motion is filed.  Williamson contends this rule is for the
benefit of the debtor and should not be used to deprive him of the right to
intervene.  

 

            Several
courts have found that this rule is not jurisdictional.  See
Cloughly v. NBC Bank-Seguin, N.A., 773 S.W.2d 652, 658 (Tex. App.–San
Antonio 1989, writ denied) (holding that the failure to hold a hearing within
ten days was waived when the debtor made no complaint); Kyanize Paints, Inc. v. Denton, No. C14-91-00705-CV, 1992 Tex. App.
Lexis 1379 at *7-8 (Tex. App.–Houston
[14th Dist.] May 21, 1992, no writ) (not designated for publication)
(stating that a hearing beyond ten days was not precluded when the creditor was
the complaining party).  That the parties
may agree to an extension of the deadline further illustrates the
non-jurisdictional nature of the period; if jurisdictional, the parties cannot
negotiate it or manufacture new periods. Good
Shepherd Medical Center, Inc. v. State, 306 S.W.3d 825, 837 (Tex. App.–Austin
2010, no pet.) (stating that subject matter jurisdiction cannot be conferred by
agreement).    Williamson further argues that he was informed
by a court employee that he could not obtain a hearing for three weeks.[4]  The purpose of the notice requirement and the
opportunity to intervene is to provide the debtor with due process.  See
Hering v. Norbanco Austin I, 735 S.W.2d 638, 641 n.5 (Tex. App.–Austin
1987, writ denied).   The inability of a court’s docket to hear the
motion within ten days of its filing should not be used to punish the
debtor.  We find the trial court was not
precluded by Rule 664a from hearing the merits of the matter.

            The court
also discussed the fact that thirty days had passed since the judgment had been
entered.  A court’s plenary power ends
thirty days after all timely filed motions to grant a new trial or to vacate,
modify, or correct a judgment are overruled. Sims v. Fitzpatrick, 288 S.W.3d 93, 105 (Tex. App.–Houston [1st
Dist.] 2009, no pet.).   Williamson filed
his verified motion to intervene and to quash the garnishment within thirty
days of the entry of the judgment.  Since
the statutes pertaining to garnishments do not specify a time period within
which a motion to vacate, dissolve or modify a writ of garnishment may be
filed, we presume that the court’s plenary power is the same as in other
proceedings.  That being so, we will treat
Williamson’s motion as a post-judgment motion to vacate the judgment.  Since the court ruled on it within the
prescribed time limits, see Tex. R. Civ. P. 329b(c), we find that
the trial court had jurisdiction.

            Our ruling
on this matter precludes the need to discuss other issues raised by appellant
or his restricted appeal.  We reverse and
remand to the trial court for further proceedings.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Pirtle, J., concurs in result only.











[1]Rule
663a of the Rules of Civil Procedure provides for service of the writ on the
defendant.  Moreover, specific language
must be used in that notice.  Several
courts have held that the trial court errs in granting a writ of garnishment
when there is no proof of service in strict compliance with the statute even if
the defendant had actual notice.  Lease Finance Group, LLC v. Childers, 310
S.W.3d 120, 126 (Tex. App.–Fort Worth 2010, no pet.); Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A., 305 S.W.3d
813, 817-18 (Tex. App.–Austin 2010, no pet.); Abdullah v.State, 211 S.W.3d 938, 942-43 (Tex. App.–Texarkana
2007, no pet.); Mendoza v. Luke Fruia
Invs., 962 S.W.2d 650, 651-52 (Tex. App.– Corpus Christi 1998, no pet.); but see Del-Phi Engineering Associates, Inc.
v. Texas Commerce Bank-Conroe, N.A., 771 S.W.2d 589 (Tex. App.–Beaumont
1989, no writ) (stating that even though notice of the garnishment was not sent
to the debtors, a hearing on the motion to vacate the writ was properly held by
agreement as notice was, in effect, waived). 
Moreover, a recitation in the judgment that notice has been given does
not create a presumption in favor of the garnishor.  Lease
Finance Group, LLC v. Childers, 310 S.W.3d at 126.





[2]The
court indicated that Williamson had filed a motion to intervene and quash on
March 6, 2009, but that document is not contained in the clerk’s record.  





[3]Wells
Fargo contends that appellant’s notice of appeal is untimely because he
appealed from the court’s order and not from the final garnishment
judgment.  However, we have jurisdiction
to determine the trial court’s jurisdiction. 
State v. Morse, 903 S.W.2d
100, 102 (Tex. App.–El Paso 1995, no writ) (court of appeals may address the
propriety of the county court’s exercise of jurisdiction or refusal to do so
under its general jurisdiction).  





[4]Appellant
apparently did not attempt to set a hearing until after the ten days had
passed.  However, it appears that the
trial court may not have been able to accommodate a hearing within ten days.