NO. 07-09-0248-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2010

_____

CHARLES WILLIAMSON A/K/A CHARLES J. WILLIAMSON,

Appellant

v.

THE STATE OF TEXAS AND WELLS FARGO BANK, N.A.,

Appellees

_____

FROM THE COUNTY COURT AT LAW NO 1 OF TRAVIS COUNTY;

NO. C-1-CV-09-001389; HONORABLE J. DAVID PHILLIPS, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Charles Williamson (Williamson) files a *pro se* direct appeal from the trial court's order denying his motion to intervene and quash a garnishment against funds of his held by Wells Fargo Bank, N.A. (Wells Fargo). He also asserts a restricted appeal with respect to the propriety of the garnishment. We reverse the order.

*Background*

The State of Texas filed an application for a writ of garnishment against Wells Fargo on February 9, 2009, to obtain money from bank accounts of Williamson for

payment on a judgment entered on September 8, 1997, against Williamson with respect to a student loan obtained from the State. The record presented on appeal does not show service of the application on Williamson at the time of its filing.[1] A judgment agreed to by the State and Wells Fargo was entered on February 24, 2009. That judgment was later amended by a judgment dated March 3, 2009, in which the State recognized that some of the money in Williamson's accounts was exempt, and it was released for his benefit. The record indicates that, prior to the entry of the March 3 judgment, Williamson had contacted the State claiming that some or all of the money was exempt. Thus, it is clear that he had actual knowledge of the garnishment prior to entry of the March 3 judgment. There is also evidence that at some point he received a copy of the application from either the State or Wells Fargo.

Williamson filed an amended motion to intervene and quash the garnishment on March 10, 2009, after entry of the final judgment.[2] In that motion, he raised the lack of notice to him as well as other defenses. On April 28, 2009, the court conducted a hearing on the motion at which time the court ruled that it no longer had jurisdiction

[1]Rule 663a of the Rules of Civil Procedure provides for service of the writ on the defendant. Moreover, specific language must be used in that notice. Several courts have held that the trial court errs in granting a writ of garnishment when there is no proof of service in strict compliance with the statute even if the defendant had actual notice. *Lease Finance Group, LLC v. Childers,* 310 S.W.3d 120, 126 (Tex. App.–Fort Worth 2010, no pet.); *Zeecon Wireless Internet, LLC v. American Bank of Texas, N.A.,* 305 S.W.3d 813, 817-18 (Tex. App.–Austin 2010, no pet.); *Abdullah v.State,* 211 S.W.3d 938, 942-43 (Tex. App.–Texarkana 2007, no pet.); *Mendoza v. Luke Fruia Invs.,* 962 S.W.2d 650, 651-52 (Tex. App.–Corpus Christi 1998, no pet.); *but see Del-Phi Engineering Associates, Inc. v. Texas Commerce Bank-Conroe, N.A.,* 771 S.W.2d 589 (Tex. App.–Beaumont 1989, no writ) (stating that even though notice of the garnishment was not sent to the debtors, a hearing on the motion to vacate the writ was properly held by agreement as notice was, in effect, waived). Moreover, a recitation in the judgment that notice has been given does not create a presumption in favor of the garnishor. *Lease Finance Group, LLC v. Childers,* 310 S.W.3d at 126.

[2]The court indicated that Williamson had filed a motion to intervene and quash on March 6, 2009, but that document is not contained in the clerk's record.

because the hearing had not been held within ten days pursuant to Rule 664a of the Rules of Civil Procedure. Thus, the merits of Williamson's motion to intervene and quash were never addressed. He then filed both a direct appeal from the trial court's order and a restricted appeal.

*Order on Motion to Intervene and Quash*

First, Williamson challenges the trial court's order denying his motion to intervene and to quash the garnishment by arguing that the trial court had jurisdiction to consider them.[3] Rule 664a provides:

> A defendant whose property or account has been garnished or any party who claims an interest in such property or account, may by sworn written motion, seek to vacate, dissolve or modify the writ of garnishment, and the order directing its issuance, for any grounds or cause, extrinsic or intrinsic. . . . Unless the parties agree to an extension of time, the motion shall be heard promptly, after reasonable notice to the plaintiff . . ., and the issue shall be determined not later than ten days after the motion is filed. Williamson contends this rule is for the benefit of the debtor and should not be used to deprive him of the right to intervene.

Several courts have found that this rule is not jurisdictional. *See Cloughly v. NBC Bank-Seguin, N.A.,* 773 S.W.2d 652, 658 (Tex. App.–San Antonio 1989, writ denied) (holding that the failure to hold a hearing within ten days was waived when the debtor made no complaint); *Kyanize Paints, Inc. v. Denton,* No. C14-91-00705-CV, 1992 Tex. App. LEXIS 1379 at *7-8 (Tex. App.–Houston [14th Dist.] May 21, 1992, no writ) (not designated for publication) (stating that a hearing beyond ten days was not precluded when the creditor was the complaining party). That the parties may agree to

---

[3]Wells Fargo contends that appellant's notice of appeal is untimely because he appealed from the court's order and not from the final garnishment judgment. However, we have jurisdiction to determine the trial court's jurisdiction. *State v. Morse,* 903 S.W.2d 100, 102 (Tex. App.–El Paso 1995, no writ) (court of appeals may address the propriety of the county court's exercise of jurisdiction or refusal to do so under its general jurisdiction).

an extension of the deadline further illustrates the non-jurisdictional nature of the period; if jurisdictional, the parties cannot negotiate it or manufacture new periods. *Good Shepherd Medical Center, Inc. v. State,* 306 S.W.3d 825, 837 (Tex. App.–Austin 2010, no pet.) (stating that subject matter jurisdiction cannot be conferred by agreement). Williamson further argues that he was informed by a court employee that he could not obtain a hearing for three weeks.[4]  The purpose of the notice requirement and the opportunity to intervene is to provide the debtor with due process.  *See Hering v. Norbanco Austin I,* 735 S.W.2d 638, 641 n.5 (Tex. App.–Austin 1987, writ denied).  The inability of a court's docket to hear the motion within ten days of its filing should not be used to punish the debtor.  We find the trial court was not precluded by Rule 664a from hearing the merits of the matter.

The court also discussed the fact that thirty days had passed since the judgment had been entered.  A court's plenary power ends thirty days after all timely filed motions to grant a new trial or to vacate, modify, or correct a judgment are overruled. *Sims v. Fitzpatrick,* 288 S.W.3d 93, 105 (Tex. App.–Houston [1st Dist.] 2009, no pet.). Williamson filed his verified motion to intervene and to quash the garnishment within thirty days of the entry of the judgment.  Since the statutes pertaining to garnishments do not specify a time period within which a motion to vacate, dissolve or modify a writ of garnishment may be filed, we presume that the court's plenary power is the same as in other proceedings.  That being so, we will treat Williamson's motion as a post-judgment

---

[4]Appellant apparently did not attempt to set a hearing until after the ten days had passed. However, it appears that the trial court may not have been able to accommodate a hearing within ten days.

motion to vacate the judgment.  Since the court ruled on it within the prescribed time limits, *see* TEX. R. CIV. P. 329b(c), we find that the trial court had jurisdiction.

Our ruling on this matter precludes the need to discuss other issues raised by appellant or his restricted appeal.  We reverse and remand to the trial court for further proceedings.


Brian Quinn
Chief Justice


Pirtle, J., concurs in result only.