**IN the INTEREST OF T.J.T. and T.R.T., Children**

**No. 06–15–00096–CV**

Court of Appeals of Texas, Texarkana.

Submitted: February 16, 2016

Decided: February 26, 2016

documents the Wests filed on February 1, 3, and 11, 2016.

Micah Belden, Micah Belden, PC, Sherman, TX, for appellant.

Sheryl A. Miears, Steven Miears Law Firm, Bonham, TX, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Moseley

Father[1] appeals from the termination of his parental rights to his children, Timmy and Tom. On appeal, he asserts that the trial court's default judgment is void because it was entered in violation of the demands of due process of law. Because we concur that Father did not receive proper citation and notice, he was deprived of due process. Accordingly, we reverse the trial court's default judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

## I.  Factual Background

The children's maternal great-grandparents and permanent managing conservators, Roland and Susan Jackson, filed suit to terminate Father's parental rights to Timmy and Tom. The petition did not list Father's address, but instead stated, "Respondent father is currently in a drug treatment facility and process should be served where he can be found."

A return on a purported citation claimed that it had been served on Father on June 20, 2015. The officer's return stated that service was executed "at Northeast Texas Treatment Ctr .... by delivering to the within named Respondent, in person, a true copy of this citation." As explained below, the citation failed to comply with the Texas Rules of Civil Procedure because it did not notify Father that an answer was required of him or that Father would risk rendition of a default judgment against him if he did not file an answer.

Perhaps recognizing the faulty content of the purported citation, a second "CITATION (with NOTICE OF HEARING)," which conformed to the requirements of law, was created, issued by the Clerk, and delivered to an officer for service. However, that second document was not served on Father. The Sheriff's return on that second document states, "SUBJECT DOES NOT LIVE AT LISTED ADDRESS." Although that second document was apparently intended to provide Father with notice of the lawsuit and notice of the final hearing in the termination case involving his children, because it was never served on Father, it accomplished neither goal.

Despite these problems, the trial court held a final hearing in this termination case on October 23, 2015. Father had not filed an answer in the lawsuit and made no appearance at the hearing. Despite the faulty service of citation and notice, the trial court found that Father had failed to

1.  In order to protect the identity of the minor children, we have employed pseudonyms for the children and the grandparents, and we do not use the names of the parents.

file an answer and entered a default judgment terminating Father's parental rights to Timmy and Tom.

Father, who subsequently received notice of the default judgment, filed a pro se notice of appeal November 13, 2015. In this same notice of appeal, Father requested the appointment of counsel, a request that was contested by the Jacksons. On December 9, 2015, this Court entered an order requiring the trial court to address Father's motion for appointment of counsel after providing notice to Father because we noticed that "[t]he clerk's record reflects that the trial court held a 'status hearing' on November 19, 2015, purportedly for the purpose of hearing [Father]'s request for counsel," that "[t]he trial court summarily disposed of [Father's] request for [court-appointed] counsel," and that "[n]othing in the record indicate[d] that [Father] was provided any notice of this hearing."

At the December 16, 2015, hearing on Father's motion, the following exchange between Father and the trial court occurred:

THE COURT:.... The first part of the case where there was actually a hearing on the termination of your parental rights, did you actually receive notice of—or, service in the case, meaning that you knew this case was filed with the Court?

[FATHER]: Yes, ma'am.

THE COURT: Okay. Then, secondly, did you have notice or were you aware that there actually was a particular hearing date on the final hearing for the termination of your rights?

[FATHER]: No, ma'am.

After the hearing, Father was appointed counsel for his appeal.

## II. The Default Judgment Cannot Stand

"An elementary and fundamental requirement of due process in any proceeding that is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections thereto." *Kuykendall v. Beverly,* 436 S.W.3d 809, 813 (Tex.App.–Texarkana 2014, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)). "'The failure to give adequate notice violates the most rudimentary demands of due process of law.'" *Id.* (quoting *Mosser v. Plano Three Venture,* 893 S.W.2d 8, 12 (Tex.App.–Dallas 1994, no writ)).

"'For well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack.'" *Deutsche Bank Trust Co. v. Hall,* 400 S.W.3d 668, 670 (Tex.App.–Texarkana 2013, pet. denied) (quoting *Ins. Co. of State of Pa. v. Lejeune,* 297 S.W.3d 254, 255 (Tex.2009) (per curiam)). "'Any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment.'" *Id.* (quoting *Bank of Am. v. Hill,* No. 06–10–00053–CV, 2010 WL 4324436, at *2 (Tex.App.–Texarkana Nov. 3, 2010, no pet.) (mem.op.)).

"Since this case involves a direct attack upon a default judgment, the ordinary presumptions in support of valid service that are raised in a judgment addressed to the merits do not apply." *Harmon Truck Lines, Inc. v. Steele,* 836 S.W.2d 262, 263 (Tex.App.–Texarkana 1992, writ dism'd). "Failure to affirmatively show strict compliance with the rules of civil procedure renders the at-

tempted service invalid and of no effect." *Id.*

Rule 99(b) of the Texas Rules of Civil Procedure requires a citation to "contain the time within which [the] rules require the defendant to file a written answer with the clerk who issued citation" and "notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition." TEX.R. CIV. P. 99(b)(10), (12). It is mandatory that a personal service citation include the following:

> "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TEX.R. CIV. P. 99(c). The citation at issue here did not contain the above. In its omission, it failed to notify the person who was served that an answer was required or to warn that there was a possibility that a default judgment could be taken against the person being served if no timely answer was made.

■ Even so, the Jacksons argue against the strict application of the requirements set out above, pointing out that despite the shortfalls of the citation which was served on Father, he admitted that he received notice by way of the defective citation that a case for termination of his parental rights had been filed against him. Contrary to the position of the Jacksons, a default judgment is improper against a defendant who has not been served in strict compliance with the law, even if he has actual knowledge of the lawsuit. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990). "[T]he Rules of Civil Procedure with respect to service of citation are mandatory and a failure to comply with them renders any attempted service void." *Devine v. Duree*, 616 S.W.2d 439, 441 (Tex. Civ.App.–Dallas 1981, writ dism'd by agreement).

■ Unless a defendant has waived citation, a trial court lacks personal jurisdiction over a defendant to whom citation has not been "issued and served in a manner provided for by law." *See Wilson*, 800 S.W.2d at 836. "If service is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction over a party." *In re E.R.*, 385 S.W.3d 552, 563 (Tex.2012) (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985) (per curiam)). In a direct appeal from a no-answer default judgment, there is no presumption of valid issuance, service, and return of citation. *See id.* In the face of a direct attack, a default judgment cannot stand appellate scrutiny unless the record actually reflects that there has been strict compliance with the rules for service of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994) (per curiam). "Whether a trial court has personal jurisdiction over a defendant is a question of law, which we review de novo." *Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476, 479 (Tex.App.–Houston [14th Dist.] 2008, pet. denied).

■ In this case, because Father had no notice that he was required to file an answer or face default, we consider the mistakes in the citation as fatal.[2] Rule 99

---

2. The default judgment contains a recitation that Father was properly served. " 'Although a recitation of due notice in a judgment is some, but not conclusive, evidence of proper notice of trial settings and hearings, the rule does not apply to default judgments.' " *Kuykendall*, 436 S.W.3d at 814 (citation omitted) (quoting *Lease Fin. Grp., LLC v. Childers*, 310

is very clear that the language quoted above "shall" be included in a personal service citation. Tex.R. Civ. P. 99(c). We hold that the citation was defective on its face because it was not in strict compliance with the Texas Rules of Civil Procedure. Thus, we hold that the citation was void. Father was deprived of due process.

The Jacksons next argue that even if the citation was void, the default judgment should not be set aside because Father failed to meet the *Craddock* test in weighing whether a person should be granted a new trial. "Generally, the standard for setting aside a default judgment is set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)." *Kuykendall*, 436 S.W.3d at 814. That test typically requires

> a person seeking to set aside such a judgment to show that (1) his failure to appear was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident, (2) he had a meritorious defense he was prevented from presenting, and (3) the motion to set aside the judgment was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 814–15 (citing *Craddock*, 133 S.W.2d at 125). "However, when the defendant did not receive actual or constructive notice of trial, he has met the first prong of *Craddock*, and due process prevents the application of the second and third prongs of the *Craddock* test." *Id.* at 815 (citing *In re N.L.D.*, 344 S.W.3d 33, 40 (Tex.App.–Texarkana 2011, no pet.)). Besides, because of the defect in service of citation on Father, the trial court had not obtained

jurisdiction over him when it entered the judgment terminating his parental rights.

## III. Conclusion

We reverse the trial court's void default judgment which terminated Father's parental rights to his children and remand this case to the trial court for further proceedings.

---

S.W.3d 120, 125 (Tex.App.–Fort Worth 2010, no pet.)). "In an attack upon a default judgment, a recitation of due service in the judgment does not lead to a presumption of due service." *Id.* (quoting *Childers*, 310 S.W.3d at 125). "Instead, the plaintiff must 'prove that the defendant was served in the required manner.'" *Id.* (quoting *Childers*, 310 S.W.3d at 125).