**Opinion filed May 4, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00102-CV

_____

## ADRIANA CARRASCO ZUBIATE, Appellant

## V.

## JOEL ZUBIATE, Appellee

**On Appeal from the 446th District Court**

**Ector County, Texas**

**Trial Court Cause No. E-16-01-0027-FM**

## M E M O R A N D U M   O P I N I O N

J.Z.'s father and mother were involved in a divorce proceeding. While the divorce proceeding was pending, the father filed a separate suit in which he sought a protective order to protect J.Z. from J.Z.'s mother; the father alleged that the mother had been hitting J.Z. in the face. After a hearing, the trial court granted the father's petition. On appeal, the mother claims that she had no notice of the hearing and that, therefore, the trial court's order should be set aside. Because there has been

no showing that the mother received notice of the final hearing, we set aside the trial court's order and remand the cause to the trial court.

While a divorce case was pending between the mother and the father, the father sought and obtained a protective order against the mother. In the order, the trial court limited the mother's access to one of the children of the parties, J.Z. When the father filed the application for the protective order, he sought and obtained a temporary ex parte order by which the trial court restricted the mother's contact with J.Z. The trial court set a hearing on the application for January 22, 2016, at 8:45 a.m. On January 15, 2016, a process server served the mother with the application and the order setting the case for a final hearing.

On January 20, 2016, the father filed a motion for continuance in this case. The father sent what he called a "Courtesy Copy" of the motion for continuance to the mother's attorney in the divorce case. The mother claimed that her divorce lawyer did not represent her in this case. The notation "Courtesy Copy" on the certificate of service contained in the motion for continuance would be congruent with the mother's claims, in her motion for new trial and here, that her divorce lawyer did not represent her in the protective order action and that she had no notice of the date of the final hearing. The trial court granted the motion for continuance, extended the ex parte order, and reset the final hearing for January 29 at 8:45 a.m. In any event, although the certificate of service contained a reference to the motion for continuance, it did not contain a certification of service of the order by which the trial court reset the hearing.

Although in its final protective order the trial court found that the mother, "although duly and properly cited, did not appear and wholly made default," there is nothing in the record to show that she received any notice that the trial court had reset the hearing to January 29. Because this is a direct appeal, as opposed to an original proceeding, the trial court's recitation does not create a presumption that

2

issuance, service, and return of citation are valid. *In re Sloan*, 214 S.W.3d 217, 221 (Tex. App.—Eastland 2007, no pet.).

Section 82.043(a) of the Texas Family Code provides that "[e]ach respondent to an application for a protective order is entitled to service of notice of an application for a protective order." TEX. FAM. CODE ANN. § 82.043(a) (West 2014). Section 82.041(a)(6) of the Family Code provides that the notice must show the date, time, and place of the hearing. *Id.* § 82.041(a)(6). The notice of the application "must be served in the same manner as citation under the Texas Rules of Civil Procedure, except that service by publication is not authorized." *Id.* § 82.043(c). The notice provisions under Section 82 do not apply if the suit is a part of a suit for dissolution of marriage. *Id.* § 82.043(e). Notice to be given in that event is the same as any other notice for motions generally in marriage dissolution cases. *Id.* The application for protective order in this case is independent of the parties' pending divorce.

Under the language of Section 84.004(a) of the Family Code, if a respondent to an application for protective order is served with notice of the application within forty-eight hours of the scheduled hearing, she is entitled, upon request, to have the hearing rescheduled for a date not later than fourteen days after the date set for the hearing. *Id.* § 84.004(a). Subsection (b) of that section also provides that "[t]he respondent is not entitled to additional service for a hearing rescheduled under this section." *Id.* § 84.004(b). That language seems to say by implication that the converse is true: a party is entitled to additional service for hearings rescheduled in another manner, such as at the request of the petitioner.

Rule 21 of the Texas Rules of Civil Procedure provides:

> An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, must be served upon all other parties not less than three days before the time specified for the

hearing, unless otherwise provided by these rules or shortened by the court.

TEX. R. CIV. P. 21(b). The Rules of Civil Procedure also provide guidelines for how those notices are to be given when they are required. *See* TEX. R. CIV. P. 21, 21a.

This record shows the father gave no notice of any kind to the mother, whether under the Texas Rules of Civil Procedure or the Texas Family Code, concerning the resetting of the January 22 hearing. The burden was upon the father to make that showing, and he failed to meet that burden. *See Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 126 (Tex. App.—Fort Worth 2010, no pet.). Due process of law requires notice in accordance with law. *See In re Marriage of Little*, No. 10-08-00078-CV, 2008 WL 3115357, at *1 (Tex. App.—Waco, Aug. 6, 2008, no pet.) (mem. op., not designated for publication) (due process requires compliance with notice provisions). Here, when the trial court conducted the hearing and entered the protective order in the absence of any notice as to the January 29 hearing, the mother's due process rights were violated. We sustain the mother's sole issue on appeal.

We set aside the order of the trial court and remand this cause to that court for further proceedings consistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE


May 4, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.