**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed May 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01353-CV

## GQ ENTERPRISES CORPORATION, Appellant
## V.
## INAYATALI RAJANI AND THE RAJANI GROUP, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-05188**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

This is an appeal from the trial court's order granting appellees Inayatali Rajani's and Rajani Group's motion to strike appellant GQ Enterprises Corporation's answer and subsequently granting appellees' motion for default judgment. On appeal, appellant argues default judgment was improper because there was no evidence to support it, the evidence attached to the default judgment motion established the invalidity of the breach of contract claim, and a hearing on unliquidated damages was mandatory. Appellant also challenges the striking of its answer because the trial court's action amounted to a death penalty sanction without any explanation, and the striking of the answer violated its due process rights. We affirm in part and reverse and remand for further proceedings.

**Background**

On April 25, 2011, Appellees filed a breach of contract suit against appellant based on an underlying agreement between the parties in which appellees would "render the usual services of a real estate broker in finding a suitable real estate site" for appellant to purchase.[1] Appellees argued they fully performed the promised services; however, appellant refused to pay under the contract.

Chirag Patel, individually and on behalf of appellant, answered the lawsuit on July 1, 2011. The trial court entered an order on July 7, 2011 giving "notice of intent to strike pleading for failure of attorney to represent corporation" if appellant corporation failed to file a proper answer within thirty days. Appellant did not file an answer.

On January 27, 2012, appellees filed a motion for default judgment based on appellant's failure to file an answer. The trial court denied the motion because the "pro se" corporate answer, though procedurally defective, was sufficient to prevent a default judgment.

On February 1, 2012, appellees filed a motion to strike appellant's answer. Shortly thereafter, appellees filed an amended motion for default judgment. On February 9, 2012, in a single order, the trial court first struck appellant's answer and then granted appellees' default judgment motion. The court awarded appellees $78,000 in actual damages and $10,558.18 in attorney's fees.

The following day, appellant filed its first amended answer with affirmative defenses. It also filed a "statement" in opposition to the motion to strike its "pro se" answer and a "statement" in opposition to appellees' motion for default judgment. The record does not

---

[1] Appellees' original petition included claims against two individual defendants; however, those claims were nonsuited and not at issue on appeal. Appellees also filed a first amended petition on June 3, 2011.

contain an order on these pleadings.  Appellant filed its notice of restricted appeal on August 13, 2012.

## Restricted Appeal

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment.  TEX. R. APP. P. 30. The elements necessary to directly attack a judgment by restricted appeal are: (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not file a postjugment motion, request findings of fact and conclusions of law, or file a notice of appeal; and (5) the error complained of showing the invalidity of the judgment must be apparent from the face of the record.  *Id.*; *see also Norman Commc'n, v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).  The face of the record, for purposes of review, consists of all the papers on file in the appeal.  *Norman Commc'n*, 955 S.W.2d at 270.  It is undisputed appellant meets the first three requirements for review.  The issue to resolve is whether appellant established error on the face of the record.

## Death Penalty Sanctions

In its third issue, appellant argues the trial court abused its discretion by striking its answer, which amounted to a death penalty sanction, because the record does not indicate appellant flagrantly abused the judicial process and a lesser sanction would not promote its compliance with court rules.

A trial court has the authority to impose sanctions for the failure to comply with a pretrial order.  *Koslow's v. Mackie*, 796 S.W.2d 700, 703 (Tex. 1990) (holding trial court did not abuse its discretion by striking pleadings and rendering default judgment as sanction for violation of pretrial order); *Esty v. Beal Bank, S.S.B.*, 298 S.W.3d 280, 295 (Tex. App.—Dallas 2009, no

–3–

pet.).  In reviewing sanctions, we determine whether the trial court abused its discretion. *Koslow's*, 796 S.W.2d at 704.  In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the ruling and indulge every legal presumption in favor of the ruling. *Id*.  A trial court abuses its discretion in imposing sanctions when it acts without reference to any guiding rules or principles. *Id*.

Appellant argues the trial court abused its discretion because the striking of its answer was harsh under these facts, and there is an "absence of any reasoning" by the trial court.  The record reflects the trial court provided appellant with notice that "Defendant GQ Enterprises Corporation's 'pro se' Answer will be subject to being stricken, and Defendant GQ Enterprises Corporation being subject to a Default Judgment, upon proper Motion by Plaintiff" if it did not file a proper answer within thirty days.

The trial court's reasoning for striking the answer is clear.  After receiving notice, appellant failed to file a proper answer within thirty days.  Appellees waited over six months before filing a motion to strike the answer, during which time appellant still could have filed a proper answer but did not.

In *Koslow's*, the Supreme Court of Texas upheld the trial court's order striking pleadings and rendering a default judgment when a party failed to engage in an ordered attorney/party conference and failed to submit a joint pretrial status report. 796 S.W.2d at 704.  The court noted other instances in which it approved striking of pleadings based on conduct such as (1) filing late and incomplete discovery responses; (2) failing to attend depositions rescheduled by agreement; and (3) failing to produce deponents, designate experts and produce documents as ordered by the court. *Id*. (citing *Vasquez v. Chem. Exch. Indus. Inc.*, 721 S.W.2d 284 (Tex. 1987); *Plano Sav. & Loan Ass'n v. Slavin*, 721 S.W.2d 282 (Tex. 1986); *Jarrett v. Warhola*, 695 S.W.2d 8 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd)).  Thus, we cannot say the trial court acted without

reference to any guiding rules or principles when it struck appellant's answer after giving notice of its intent and after six months had passed since its notice.

Moreover, the trial court has inherent power to manage its docket. *In re Hereweareagain, Inc*., 383 S.W.3d 703, 709 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). Once the thirty-day deadline passed, it was within the court's discretion to manage its docket, including striking the petition and granting appellees' motion for default judgment. Thus, we overrule appellant's third issue.

In reaching this conclusion, we are likewise unpersuaded by appellant's due process argument. Appellant contends that because an answer was on file at the time appellees filed the default judgment motion, it was entitled to a hearing before the trial court granted the default judgment. *See Bradford v. Bradford*, 971 S.W.2d 595, 598 (Tex. App.—Dallas 1998, no pet.) ("Once a defendant has made an appearance in a case, he is entitled to notice of a trial setting as a matter of due process" and a default judgment hearing is a "trial setting."). However, appellant's argument dismisses the fact that the trial court struck its answer. Once the answer was struck, the trial court acted within its discretion by granting the default judgment. *See Morris v. Zesati*, 162 S.W.3d 669, 672 (Tex. App.—El Paso 2005, no pet.) ("No advance notice of a hearing is required for a no-answer default judgment.").

Although appellant argues the trial court should not have struck the answer and granted the default judgment in the same order, appellant has failed to provide any case law to support its position. Under these facts, regardless of whether the trial court struck the answer in a separate order and then granted the default judgment in another order or granted them in the same order, the outcome was the same. At the time the trial court granted the default judgment, appellant did not have an answer on file. Thus, it was not entitled to notice of any hearing. *Id*. Accordingly, its due process rights were not violated. Appellant's fourth issue is overruled.

## No Answer Default Judgment

In its first, second, and fifth issues, appellant argues the trial court erred in granting default judgment because of errors apparent on the face of the record. Specifically, appellant argues (1) there is no evidence to support the default judgment; (2) the evidence attached to the default judgment establishes the invalidity of appellees' breach of contract claim; and (3) a hearing on unliquidated damages was mandatory.

First, having concluded the trial court did not abuse its discretion by striking appellant's answer, no answer was on file when the trial court considered appellees' motion for default judgment. Accordingly, despite appellant's arguments to the contrary, we shall apply the standard of review for a no-answer default judgment.

A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). So long as the facts set out in the petition allege a cause of action, then the default judgment case is conclusively established. *Chen v. Johnson*, No. 02-12-00428-CV, 2013 WL 2339233, at *1 (Tex. App.—Fort Worth May 30, 2013, no pet.) (mem. op.). When the petition establishes a cause of action, an appellant is precluded from challenging the legal and factual sufficiency of the evidence supporting liability in a no-answer default judgment. *Holt Atherton Indus.*, 835 S.W.2d at 83.

However, here, we agree with appellant that even accepting the facts in the pleadings as true, appellees failed to establish a breach of contract claim against appellant. Appellees attached as evidence to its first amended petition and motion for default judgment the "Commercial Contract–Improved Property" and the "Commercial Real Estate Listing Agreement Exclusive Right to Sell."

The exclusive right to sell agreement began on January 29, 2009 and expired on June 29, 2009. The agreement provides that the broker earns a fee when the broker "procures a buyer ready, willing, and able to buy all or part of the Property at the Listing Price or at any other price acceptable to Seller." The record does not contain any evidence and there are no pleadings that appellees, acting as broker, procured a ready, willing, and able buyer while the exclusive right to sell agreement was in effect. Further, there is no evidence or pleadings that the parties agreed to extend the agreement beyond June 29, 2009. Rather, the evidence shows the parties did not enter into the "Commercial Contract–Improved Property" until October 12, 2009, which was after the expiration of the exclusive listing agreement. Thus, the exclusive listing agreement is not relevant to the breach of contract claim, and appellee is left only with the "Commercial Contract–Improved Property" to support its breach of contract claim.

However, like the exclusive right to sell agreement, the commercial contract does not support appellees' breach of contract claim either. That contract provides, "At the closing of the sale, Seller will pay Principal Broker a total cash fee of: 6.000% of the sales price." The contract specifies closing of the sale "will be on or before October 29, 2009." Although appellees' petition alleges the broker fully performed the promised services, there is no evidence the seller or buyer performed or failed to perform under the contract. Specifically, there is no evidence or pleadings that the contract ever closed. As such, the pleadings appellees rely on to support a breach of contract claim are legally insufficient to create a cause of action resulting in any liability against appellant. Without any evidence of liability, appellees cannot establish any entitlement to damages. As such, the pleadings are legally insufficient to support appellees' right to default judgment based on appellant's failure to answer. Thus, appellant has established error on the face of the record. We sustain appellant's second issue.

Having sustained appellant's second issue, we need not consider issues one and five, which challenge other alleged errors apparent from the face of the record.  TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's judgment to the extent it struck appellant's answer.  However, because the trial court erred in granting appellees' no-answer default judgment, we reverse and remand the cause for further proceedings.  *See Armstrong v. Benavides*, 180 S.W.3d 359, 364 (Tex. App.—Dallas 2005, no pet.) (concluding that although an appellate court generally reverses and renders when sustaining a legal sufficiency challenge, an exception is made in cases involving default judgments because the facts have not been fully developed).


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

121353F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GQ ENTERPRISES CORPORATION,
Appellant

No. 05-12-01353-CV      V.

INAYATALI RAJANI AND THE RAJANI
GROUP, Appellees

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-05188.
Opinion delivered by Justice O'Neill.
Justices Bridges and Brown participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment granting appellees Inayatali Rajani's and the Rajani Group's no answer default judgment. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

      It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 22nd day of May, 2014.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE