

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00125-CV

_____

VIRGIL EDWARD KUYKENDALL, Appellant

V.

JESSICA BEVERLY, Appellee

On Appeal from the 294th District Court
Van Zandt County, Texas
Trial Court No. 00-00410

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

# O P I N I O N

Virgil Edward Kuykendall appeals from a judgment taken against him in the District Court of Van Zandt County, Texas, by Jessica Beverly.[1] This case has its origins in facts arising in 1997, when Kuykendall drove a vehicle that collided with an automobile in which a family of four was riding. Due to the wreck, both of the parents and one child (Jessica, the plaintiff in this suit, who was then nine years old) who were in the automobile were injured, and the other child was slain. Kuykendall was convicted of the felony offense of intoxication manslaughter and has spent the following years in prison as a result of that conviction.

Kuykendall's liability insurer, Farmers Insurance Group, entered into a settlement agreement with the survivors of the wreck by paying the entire $50,000.00 policy limits, the parents jointly receiving $48,000.00, and Jessica receiving $2,000.00. The parents purported to sign the settlement agreement on behalf of Jessica, but did not do so pursuant to a guardianship of Jessica; no "friendly" suit was brought which would have bound Jessica.

In 1999, suit was brought by the parents against the manufacturer of the automobile in which the family was riding, against the owner of the bar where Kuykendall had been drinking the night of the accident, and against the "John Doe" employee of the bar who had served alcohol to Kuykendall. As an incorporated third-party action, Jessica's uncle brought an action as next friend of Jessica against the same people sued by her parents, but also against Kuykendall for both direct and consequential damages incurred by Jessica as a result of the collision. The

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Third-Party Plaintiffs' Original Petition reflected Kuykendall to have then been an incarcerated inmate and listed his residence as the Choice Moore Unit of the Texas Department of Corrections in Bonham, Texas.

The cause of action by all of the plaintiffs against the other parties was eventually severed from the cause of action against Kuykendall. Accordingly, this suit remains solely as a suit by Jessica against Kuykendall.

Initially, the attorney for Farmers Insurance filed an answer for Kuykendall and was quite vigorous in attempting to combat Jessica's claim, primarily interposing the settlement agreement negotiated on Jessica's behalf as a bar to her recovery. Eventually, cracks in the attorney/client relationship appeared. Kuykendall's attorney first sought to be permitted to withdraw, citing an "inability to agree by consensus on the method of defense management" of the case. When this application to withdraw was rejected by the trial judge, the attorney then filed an amended application to withdraw on August 4, 2011, informing the trial court that he had been retained by Farmers Insurance, that the policy limits of Kuykendall's insurance policy had been reached, and that the insurance company was not paying the attorney for any further representation of Kuykendall. This application to withdraw showed Kuykendall's correct mailing address at that time to be, "Lockhart Work Facility, TDC# 842540, P.O. Box 1170, Lockhart, Texas 78644." The trial court permitted Kuykendall's attorney to withdraw in September 2011 (about fourteen years after the collision and approximately twelve years after the suit was originally filed). Kuykendall then became a pro se litigant.

3

Rule 245 of the Texas Rules of Civil Procedure provides that once the parties have made an appearance, a forty-five-day notice must be given the parties of the first setting of a contested case for trial unless the parties agree otherwise. TEX. R. CIV. P. 245. On February 27, 2013, the District Clerk of Van Zandt County sent a notice to all parties of a setting of the matter for a hearing on the merits on July 8, 2013. There is no indication in the record that anyone sent any notice of this setting to Kuykendall by any of the methods prescribed in Rule 21a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21a. The address to which the clerk indicated it sent Kuykendall's notice of setting was the address of Kuykendall's former attorney, who had been permitted to withdraw long before the notice of setting was sent.

Jessica filed "Plaintiff's Amended Exhibit List" with a certificate of service signed by her attorney, which represented that Kuykendall had been provided a copy of the document by "hand delivery at trial."[2] Beneath the signature of the attorney attesting to delivery of the document is shown the following, with no indication of its purported significance:

Defendant
Virgil Edward Kuykendall
522 S. Broadway, Suite 200
Tyler, Texas 75702[3]

This exhibit list was dated July 8, 2013 (the same date trial was recited to have occurred), but—like the final judgment—was not filed with the clerk of the court until July 13, 2013.

---

[2]The record does not reflect that any bench warrant was requested for Kuykendall to appear at any hearing during any part of these proceedings. Since the judgment reflects that Kuykendall did not appear at the hearing held on the same day that this document was supposed to have been delivered to him, this certificate of service would seem to be of dubious veracity.

[3]This is not Kuykendall's address but, rather, the address of his former attorney, who had been permitted to withdraw long before the filing of this document.

The judgment as entered recited that Kuykendall "did not make any announcement and did not appear for a trial on the merits." The judgment recited an award on behalf of Jessica and against Kuykendall for $10,000,000.00 in actual damages, $5,000,000.00 in punitive damages with interest thereon at the rate of five percent per annum from November 5, 1997, and all costs of suit.[4]

Some nine days after this judgment, Jessica's attorney, John C. Sherwood, filed a certificate of Kuykendall's last-known address, this showing the same address that Kuykendall lists on his brief to this Court—not the address of Kuykendall's former attorney.

Kuykendall filed no motion for new trial but, rather, a timely direct appeal and is now representing himself pro se before this Court.[5]

In his pro se brief, Kuykendall raises a number of contentions, foremost of which are his contentions that he never received notice that a trial was to be conducted, that he should have been the subject of a bench warrant and allowed to attend the trial in order to defend himself, and that because of the contractual release of many years before upon which his previous counsel had focused, no further action against him can lie. He argues that the pursuit of a lawsuit against him while incarcerated and impoverished, without having been afforded prior notice and without opportunity to respond meaningfully is an unfair and unjust procedure.

---

[4]It is notable that the Clerk of Van Zandt County included a cost bill in a different suit styled "Cozby-Germany Hospital, Inc. v. Tariq Mahmood, M.D., [et al.,]" cause number 13-0008 on the docket of the District Court of Van Zandt County, rather than the correct bill of costs in this case.

[5]We also note that Kuyendall apparently did not question the sufficiency of the evidence on appeal and did not provide us with a reporter's record of the hearing on the merits.

Counsel for Jessica has filed a brief containing about one page of argument wherein he argues that Kuykendall had notice because a notice was sent out about the trial (making no mention that it was sent to the address of Kuykendall's former attorney), makes no effort to address the issue of the alleged settlement by his insurance company, and in his five-paragraph responsive argument, addresses the third issue in this fashion: "The fact that Appellant does not like the judgment, cannot afford a lawyer, has been incarcerated for 17 years, and that his insurance carrier paid out the policy limits do not furnish a basis to vacate the judgment." Counsel then spends one paragraph addressing an issue not raised by Kuykendall (applauding the trial court for having permitted Kuykendall's counsel to withdraw). Counsel then points out that Kuykendall misunderstood the judgment amounts because the $5,000,000.00 portion of the judgment was actually punitive damages and not (as Kuykendall apparently believed) an interest award.

Although it is apparent that Kuykendall does not have a full understanding of the judgment taken against him and that he protests against what he perceives is a lack of justice in the taking of such a monumental judgment against a person who has such limited means to satisfy it, we construe that the only genuine points on appeal that Kuykendall raised involve the issues of (1) whether the judgment against him should be set aside because he received inadequate notice of the final hearing and (2) whether Jessica's claim was barred by the settlement agreement entered into by her parents many years before trial. Determination of the first issue does a great deal to retire the second.

6

When a defendant makes an appearance, the defendant has a constitutional right to receive notice of any trial setting. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam). The failure to provide notice constitutes a lack of due process and is grounds for reversal. *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.). An elementary and fundamental requirement of due process in any proceeding that is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections thereto. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988). The failure to give adequate notice violates the most rudimentary demands of due process of law. *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ).

"A certificate by a party or an attorney of record, or the return on the office, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a(e).

> Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee. *See Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854 (Tex. Comm'n. App. 1942, opinion adopted). This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law. *Id.* at 857.

*Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

> Although a recitation of due notice in a judgment is some, but not conclusive, evidence of proper notice of trial settings and hearings, *see Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied), the rule does not apply to default judgments. In an attack upon a default judgment, a recitation of due service in the judgment does not lead to a presumption of due service. *Morris v. Zesati*, 162 S.W.3d 669, 671 (Tex. App.—El Paso 2005, no

7

pet.) (citing *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)). Instead, the plaintiff must "prove that the defendant was served in the required manner." *Id.*

*Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 125 (Tex. App.—Fort Worth 2010, no pet.).

An examination of the judgment rendered in this case recites that Kuykendall "did not make any announcements and did not appear for a trial on the merits." The judgment contains no recitation that Kuykendall was properly notified of the trial setting. Both because the judgment was taken as a post-answer default and because there is no recitation in the judgment that Kuykendall had been properly notified of the setting, Kuykendall is not faced with overcoming any presumption from the judgment that Kuykendall was properly notified of the setting.

As shown before, the notice sent by the district clerk was directed to Kuykendall at the address of his former attorney—who had withdrawn from representing Kuykendall a long time before the notice was sent—despite the fact that the motion to withdraw gave an entirely different address for Kuykendall. That is ample evidence in the record that Kuykendall's notice was sent to an incorrect address. Even if the clerk's notice to Kuykendall had borne his correct address, it was not delivered in any means that would comport with the requirements of Rule 21a of the Texas Rules of Civil Procedure. Further, there is nothing in the record to reflect that Jessica's attorney made any attempt to send any prior notice of the hearing to Kuykendall. Rather, there is a strange certification by that attorney dated the same day as the hearing that represented that Kuykendall was presented a copy of some notice at the hearing—despite the fact that the judgment recites that he did not appear in court at that time. Further, very shortly after

8

the final judgment was filed, Jessica's attorney filed a certificate of last-known address which reflected that the attorney was then well aware of Kuykendall's accurate mailing address.

In order to preserve error, a motion for new trial is required as a prerequisite to an appellate "complaint on which evidence must be heard such as . . . failure to set aside a judgment by default." TEX. R. CIV. P. 324(b)(1). As shown above, there was no presumption arising from the judgment that Kuykendall had been properly notified, and there was no prima facie evidence arising from compliance with Rule 21a of the Texas Rules of Civil Procedure that he had been given notice of the setting. Therefore, there was neither prima facie evidence nor any presumption that Kuykendall had received notice that he was required to overcome with evidence. Accordingly, no motion for new trial was required. *See* TEX. R. CIV. P. 324(a).

Generally, the standard for setting aside a default judgment is set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). *See Am. Paging of Tex., Inc. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 239 (Tex. App.—El Paso 1999, pet. denied). That test usually requires a person seeking to set aside such a judgment to show that (1) his failure to appear was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident, (2) he had a meritorious defense he was prevented from presenting, and (3) the motion to set aside the judgment was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff. *Craddock*, 133 S.W.2d at 392. However, when the defendant did not receive actual or constructive notice of trial, he has met the first prong of *Craddock*, and due process prevents the application of the second and third prongs of the *Craddock* test. *In re N.L.D.*, 344 S.W.3d 33, 40 (Tex. App.—Texarkana 2011, no pet.).

9

Because the record does not reflect that Kuykendall received notice of the hearing, he was deprived of due process in the entry of judgment against him. We reverse the judgment granted against Kuykendall and remand the case to the trial court for further proceedings.


Bailey C. Moseley
Justice

Date Submitted:     May 8, 2014
Date Decided:       June 13, 2014

10