# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00110-CV

**Tobbie Tineeka Jones, Appellant**

**v.**

**Tamar Hays Jones, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 260,909-E, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this divorce case involving the custody of children, Tobbie Tineeka Jones appeals the trial court's post-appearance default judgment against her.[1] Because we conclude that the trial court abused its discretion when it refused to grant Tobbie's motion for new trial, we reverse and remand the case to the trial court for further proceedings consistent with this opinion.[2]

## BACKGROUND

Tobbie filed a petition for divorce in November 2012, and the parties filed a temporary agreement in December 2012. The parties agreed that, during the pendency of the case,

---

[1] Because the parties have the same last name, we refer to them by their first names.

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

Tobbie would be the sole managing conservator of the children, and Tamar would have standard visitation and pay child support. Tamar also filed a counter-petition around that time.

In October 2013, the trial court granted Tobbie's attorney's motion to withdraw as counsel for Tobbie, and Tobbie began representing herself. Shortly thereafter, Tamar filed an amended counter-petition seeking to be named the sole managing conservator of the children. Tamar set the contested divorce for trial on November 6, 2013, and asked the trial court to send notice of the setting to Tobbie at a Georgia address that was provided by Tobbie's former attorney in the motion to withdraw. The trial court sent the notice by certified mail to the Georgia address, but it was returned to the court unsigned. Tobbie and the children moved to Atlanta during the pendency of the case, but one of the children returned to Texas in September 2013 to live with Tamar. Later, Tobbie and the other child returned to Texas and were staying with Tobbie's mother on the day of the trial.

Tobbie did not appear for the trial. The trial court confirmed on the record that notice had been sent to Tobbie at the Georgia address but was returned to the court "as unclaimed and unable to forward." Tamar also testified that he had not spoken to Tobbie about the trial setting but he had spoken to her mother about it and that he discovered that Tobbie was staying at her mother's house "[p]robably about two weeks ago." According to Tamar, Tobbie's mother planned to "kick" Tobbie out but that she was waiting until after the trial "to see if [he] can have custody of [his] children." The trial court thereafter signed the final decree of divorce on November 8, 2013. The final decree recites that Tobbie "has made a general appearance and was duly notified of trial but failed to appear and defaulted." The trial court also appointed Tamar sole managing conservator of

2

the children and ordered Tobbie to pay child support. After the final hearing, Tamar went to Tobbie's mother's house with a copy of the order and took possession of his other child.

Tobbie, who was still representing herself, timely filed motions to set aside the default judgment and for new trial on November 27, 2013. *See* Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed within 30 days after judgment signed). She asserted, among other grounds, that she did not receive notice and was not aware of the trial setting as required by due process. *See* U.S. Const. amend. XIV, § 1. She also filed an affidavit of indigence and an affidavit supporting her motions in which she averred:

> I never received notice from the court and was not properly notified of the final divorce hearing due to not having legal representation at the time, I was not aware of the legal steps required in completing my divorce or that a hearing would be set without me having legal representation, nor was I aware that I needed to contact the courts for phone and address updates until I had an attorney. I was in the process of getting legal representation and had contacted LoneStar legal aid for assistance. I have two children that are involved in this divorce as well as over 12 years of community property that I ask to be considered on my behalf also.

Tamar did not file a response to the motions.

Tobbie obtained new counsel in December 2013, and a hearing on Tobbie's motions to set aside the default judgment and for new trial was held on January 10, 2014. At the hearing, both parties testified. Tobbie testified that she did not receive notice of the trial setting and that she was not intentionally avoiding receiving notice. Tamar testified that he was aware that Tobbie was staying at her mother's house on the day of trial and that he did not send notice of the trial setting to that address. At the conclusion of the hearing, the trial court orally granted the motion for new trial on the record but continued the terms of the final decree as temporary orders pending further

3

hearing. The trial court, however, did not sign a written order granting the motion for new trial prior to the motion being overruled by operation of law on January 22, 2014, the seventy-fifth day after the final decree was signed. *See* Tex. R. Civ. P. 329b(c) (requiring written order on motion for new trial within seventy-five days after judgment signed or the motion "shall be considered overruled by operation of law").

On January 29, 2014, Tobbie filed a proposed order reflecting the trial court's ruling at the January 10, 2014, hearing, but the trial court refused to sign it, noting on the order that the "time to enter order on mtn/new trial has expired."[3] Tobbie thereafter filed motions to reconsider the motion to set aside the default judgment and for new trial and a second motion for new trial, which the trial court also declined to grant. The trial court subsequently made findings of fact and conclusions of law. Among its conclusions, the trial court concluded that its "plenary power expired on January 22, 2014, the 75th day after entry of the final decree of divorce" and that it "was without jurisdiction to enter the Order Granting New Trial in accordance with Texas Rule of Civil Procedure Rule 329b(c)." *See* Tex. R. Civ. P. 329b(c). This appeal followed.

## ANALYSIS

Tobbie raises two issues on appeal. She urges that she is entitled to a new trial because she proved that she did not receive notice of the trial setting and that the trial court abused its discretion when it refused to grant her motion for new trial. *See Strackbein v. Prewitt*,

---

[3] According to Tobbie, her counsel sent a draft order for approval as to form to Tamar's counsel on January 14, 2014, and thereafter attempted to contact opposing counsel by telephone and facsimile. Opposing counsel returned the draft order to Tobbie's counsel on January 27, 2014, and Tobbie's counsel filed the draft order with the court two days later.

671 S.W.2d 37, 38 (Tex. 1984) (reviewing trial court's denial of a motion for new trial under abuse of discretion standard); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) (describing abuse of discretion standard). Tamar has not filed a responsive brief.

Whether a trial court must set aside a default judgment generally is governed by the test articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).[4] However, "[o]nce a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution." *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam); *see id.* (reversing and remanding case to trial court based on conclusion that defendant had no actual or constructive notice of trial setting); *Lopez v. Lopez*, 757 S.W.2d 721, 722–23 (Tex. 1988) (per curiam) (in context of post-answer default judgment, remanding for new trial and concluding that defendant was not required to establish *Craddock* element of meritorious defense when record established that defendant did not have actual or constructive notice of trial setting); *Kuykendall v. Beverly*, 436 S.W.3d 809, 814–15 (Tex. App.—Texarkana 2014, no pet.) (noting in context of post-appearance default that, "when the defendant did not receive actual or constructive notice of trial, he has met the first prong of *Craddock*, and due process prevents the application of the second and third prongs of the *Craddock* test"); *Myers v. County of Williamson*, No. 03-10-00410-CV, 2011 Tex. App. LEXIS 9948, at *15 (Tex. App.—Austin Dec. 16, 2011, no pet.) (mem. op.)

---

[4] To be entitled to a new trial under the *Craddock* test, a defendant generally must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

(concluding that "defendant who has been denied due process through lack of notice of a trial setting is entitled to a new trial without further showing").  Accordingly, a trial court abuses its discretion when it denies a motion for new trial to a party who has made an appearance in the proceeding and establishes that he failed to appear for trial because he did not receive notice of the trial setting.  *See LBL Oil Co.*, 777 S.W.2d at 390–91; *Lopez*, 757 S.W.2d at 722–23; *Myers*, 2011 Tex. App. LEXIS 9948, at \*15; *see also Downer*, 701 S.W.2d at 241–42 (noting that trial court abuses its discretion when it fails to follow guiding rules and principles).

Here, Tobbie appeared in the trial court proceeding.  She filed the original petition for divorce and was a counter-defendant.  Thus, she was entitled to notice of the trial setting.  *See LBL Oil Co.*, 777 S.W.2d at 390–91; *Lopez*, 757 S.W.2d at 722–23.  Tobbie asserted in her motion for new trial that she did not receive notice of the trial setting, and her motion was supported by an affidavit as well as undisputed evidence at the hearing on the motion.  Although the trial court sent notice of the trial setting to Tobbie at the Georgia address that was provided by Tobbie's former attorney, the notice was returned unsigned, and Tobbie testified that she did not have notice of the trial setting and was unaware that she needed to update her address prior to obtaining new counsel. *See Mathis v. Lockwood*, 166 S.W.3d 743, 746 (Tex. 2005) (in context of post-answer default judgment, declining to preclude new trial based on unintentional failure "to keep the court and the parties apprised of their correct and current address").

Tamar also did not dispute that Tobbie did not receive notice of the trial setting.  He testified consistently at the hearing on the motion and at trial that he did not speak to Tobbie about the trial setting and that he was aware that Tobbie had returned from Georgia and was staying at her

6

mother's house prior to the trial setting. Thus, we conclude that Tobbie established that she did not receive notice of the trial setting and, therefore, that she is entitled to a new trial. *See id.* at 744, 746 (in context of post-answer default judgment, dispensing with second element of *Craddock* when first element "established by proof that the defaulted party was not given notice of a trial setting," noting that courts of appeals also dispense with third element in this context, and reversing trial court's refusal to set aside post-answer default judgment);[5] *Myers*, 2011 Tex. App. LEXIS 9948, at *15; *cf. Kelly v. Brenham Floral Co.*, No. 01-12-01000-CV, 2014 Tex. App. LEXIS 9464, at *9–10 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.) (mem. op.) (concluding that trial court did not abuse discretion in denying motion for new trial when evidence was disputed whether defendant received notice of trial setting); *Dougherty-Williams v. Dougherty*, No. 01-13-01087-CV, 2014 Tex. App. LEXIS 6659, at *14–17 (Tex. App.—Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.) (same).

Although the trial court apparently reached this same conclusion at the hearing on the motion for new trial—advising the parties on the record that it was granting Tobbie's motion—the trial court refused to sign the proposed order that Tobbie filed after the hearing. According to the trial court's conclusions of law, its "plenary power expired on January 22, 2014, the 75th day after entry of the final decree of divorce" and it "was without jurisdiction to enter the Order Granting New Trial in accordance with Texas Rule of Civil Procedure Rule 329b(c)." *See* Tex. R. Civ. P. 329b(c). These conclusions, however, were erroneous. *See BMC Software Belgium, N.V.*

---

[5] We also note that, even if Tobbie was required to satisfy the third element of the *Craddock* test, she did so. *See id.* Tobbie presented undisputed evidence that the granting of a new trial would not operate to cause delay or injury to Tamar.

7

*v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (reviewing trial court's conclusions of law de novo to determine correctness).

When a motion for new trial is timely filed, the trial court's plenary power does not expire "until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." Tex. R. Civ. P. 329b(e); *see Hawkins v. Howard*, 97 S.W.3d 676, 678 (Tex. App.—Dallas 2003, no pet.). Thus, even though Tobbie's motion for new trial was overruled by operation of law because the trial court did not reduce its ruling to a written order within seventy-five days after signing the final decree, *see* Tex. R. Civ. P. 329b(c), the trial court had jurisdiction to grant a new trial when it refused to do so. *See id.* R. 329b(e); *Hawkins*, 97 S.W.3d at 678 (concluding that trial court had obligation to hear evidence at hearing that was conducted within 30 days after motion for new trial was overruled by operation of law as if the hearing had been conducted within seventy-five day period because "trial court had plenary power to grant the motion at the time it conducted the hearing"); *see also Anderson v. Anderson*, 282 S.W.3d 150, 153–54, 156 (Tex. App.—El Paso 2009, no pet.) (concluding that motion for new trial properly before court even though hearing on motion occurred in thirty-day period after motion was overruled by operation of law and that trial court abused its discretion in failing to set aside default judgment).

Because Tobbie established that she was entitled to a new trial based on her lack of notice of the trial setting, we sustain Tobbie's issues and conclude that the trial court abused its discretion when it refused to grant Tobbie's motion for new trial.

8

## CONCLUSION

For these reasons, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Reversed and Remanded

Filed: May 13, 2015