# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00543-CV

**Randal B. Ward, Appellant**

**v.**

**Suzanne Banowsky McCaskill, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
## NO. C2015-1012C, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Randal B. Ward brings this restricted appeal from a post-answer default divorce decree. Ward contends that he did not receive notice of the trial setting in violation of his due process rights, and he seeks to have the default decree set aside followed by a new trial.

On July 3, 2018, the parties filed an agreed motion to reverse the default decree and to remand the case to the trial court. Because we agree that the face of the record shows error based on lack of notice, we grant the motion, reverse the final divorce decree, and remand the case to the trial court for further proceedings. *See* Tex. R. App. P. 42.1, Note and Comments (explaining that appellate court may not order new trial "on the agreement of the parties absent reversible error").

Here the record reflects that Ward satisfied the procedural requirements to bring this restricted appeal: he was a party to the underlying lawsuit, he did not participate at the trial or timely file any post-judgment motions or requests for findings of fact and conclusions of law, and his notice

of appeal was filed within 6 months after the judgment was signed. *See* Tex. R. App. P. 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)).

We also conclude that Ward satisfied the substantive element of a restricted appeal—that error is apparent from the face of the record. *See* Tex. R. App. P. 30; *Grant*, 447 S.W.3d at 886. In the context of a defendant who has made an appearance, which is the case here, the defendant is deprived of his due process rights if he does not receive notice of a post-answer default judgment proceeding. *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam). Because the record here affirmatively shows that notices of the default proceedings and the divorce decree were sent to a different address than the mailing address to which the trial court ordered notices to be sent, we conclude that error is apparent on the face of the record based on lack of notice. *See id.* As such, Ward is entitled to have the default judgment set aside. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988) ("Failure to give notice violates 'the most rudimentary demands of due process law.'"); *Kuykendall v. Beverly*, 436 S.W.3d 809, 814–15 (Tex. App.—Texarkana 2014, no pet.) (reversing judgment on basis of lack of notice and concluding that "ample evidence" in record that notice was sent to incorrect address where notice was sent to address of former attorney "despite the fact that the motion to withdraw gave an entirely different address"); *Myers v. County of Williamson*, No. 03-10-00410-CV, 2011 Tex. App. LEXIS 9948, at *15–16 (Tex. App.—Austin Dec. 16, 2011, no pet.) (mem. op.) (explaining that "defendant who has been denied due process through lack of notice of a trial setting is entitled to a new trial without further showing").

2

For these reasons, we grant the parties' motion, reverse the final divorce decree, and remand the case to the trial court for further proceedings.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Reversed and Remanded

Filed:   July 13, 2018