

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00197-CV

## IN THE INTEREST OF J.A., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2016-776-3**

## MEMORANDUM OPINION

Danny Wayne Alcoser, who is incarcerated and proceeding pro se, appeals from a final order in a suit affecting the parent-child relationship in which it was determined that he is the biological father of J.A. In six issues, he attacks the determination of paternity, contends the trial court erred by refusing to order additional genetic testing, failing to provide notice of the final hearing, and failing to file findings of fact and conclusions of law, and asserts that his counsel was ineffective. Because we agree the trial court abused its discretion in failing to provide notice of the final hearing, we reverse

the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

## DUE PROCESS

In his third issue, Alcoser contends the trial court abused its discretion by failing to provide him with any notice of the May 5, 2023 hearing and by denying his motion for continuance. He asserts "the trial court's action or lack thereof caused [him] to proceed unprepared, including time to retrieve records from his prior court appointed counsel and other counsels, and to be able to subpoenas [sic] witness, experts who tested the DNA, ect.," denying him due process.

### Background

The Department of Family and Protective Services filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship on February 26, 2016. On May 20, 2016, the trial court rendered an Order for Required Participation ordering Alcoser and J.A.'s mother, Ursula Woessner, to cooperate with specified services. By early 2017, Alcoser was convicted of assaulting Woessner and imprisoned. The Attorney General filed a Petition to Establish the Parent-Child Relationship on November 9, 2017 to determine the parentage of J.A. Since then, multiple hearings have been set. The record is not clear as to how many hearings were held and for what purpose. By an "Order to Appear at Hearing by Telephone Conference" dated April 13, 2023, the trial court set a final hearing in this cause

for May 5, 2023. In the body of the order, along with details of the hearing, is the statement: "It is hereby requested that Mr. Danny Alcoser, SID Number 05799338, TDCJ Number 02187801 be allowed to participate in this hearing by telephone conference."

At the May 5, 2023 hearing, the trial court asked the parties to make formal appearances. After counsel for Woessner and the assistant attorney general introduced themselves, the court stated: "And Mr. Alcoser, you're appearing by telephone; and I'm assuming that you are ready to proceed." Alcoser replied as follows:

> Yes, sir, Your Honor. I'm here at the Robertson Unit presiding, [sic] present by telephone. I'm not ready to proceed, no, sir. Your Honor, I have not received any type of notice of this hearing. I haven't been able to prepare for this hearing. I don't even know what this hearing is about. I've submitted motions of counsel has withdrawing [sic]. I didn't receive notice of the case reinstatement on the docket. So, I'm coming into this blind and would respectfully request a continuance.

To which the trial court replied:

> I appreciate that. I'm going to overrule the motion for continuance. This case has been pending. It has not changed. You have had notice of everything I believe that you could possibly have notice of; and I know that I sent via U.S. mail a notice of this hearing, and I know that it was received.

The court proceeded to try the issue of paternity. After the parties rested, the court stated that it would defer making a ruling until it received documents Alcoser wanted to introduce. The court gave him ten days to mail the documents to the clerk's office.

On May 15, 2023, Alcoser filed a motion for continuance complaining that he did not have notice of the May 5 hearing. He also asserted that he had been forced to litigate pro se without the opportunity to enjoy the full effect of due process or discovery to obtain evidence necessary to prepare his defense. Attached to the motion is a request that Alcoser sent to the Robertson Unit mailroom, dated May 8, 2023, asking if the mailroom had provided him with any legal mail between April 1, 2023 and May 5, 2023. Someone had written "nothing found" in the disposition section of the form. Also attached to the motion is Alcoser's affidavit in which he stated that he had no knowledge of the order setting a hearing for May 5, 2023. Further, he explained that he needed to engage in discovery to obtain information about the paternity testing that was done. He also listed some potential witnesses he felt might provide pertinent information.

The motion for continuance was "dismissed without action" in a letter ruling dated May 23, 2023. The trial court signed its Final Order in Suit Affecting the Parent-Child Relationship on May 25, 2023. In it, the trial court stated that, after Alcoser's verbal motion for continuance was denied, Alcoser announced ready.[1] The trial court found Alcoser is the biological father of J.A. but did not order Alcoser to provide support.

**Applicable Law**

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A

---

[1] In our review of the record, we were unable to find Alcoser's announcement of "ready."

trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to any guiding rules and principles or is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A defendant who has made an appearance in a cause is entitled to notice of the trial setting as a matter of due process. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989) (per curiam). The failure to provide notice constitutes a lack of due process and is grounds for reversal. *Kuykendall v. Beverly*, 436 S.W.3d 809, 813 (Tex. App.—Texarkana 2014, no pet.). When a party does not have an email on file with the electronic filing manager, notice may be served by one of several different methods, including by mail. TEX. R. CIV. P. 21a(a)(2). Service by mail is complete upon deposit of the document, postpaid and properly addressed, in the mail. *Id*. R. 21a(b)(1). When a party asserts notice was not sent, service must be proved according to the rule. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam). A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any person showing service of a notice is prima facie evidence of the fact of service. TEX. R. CIV. P. 21a(e).

Implicit in the concept of service is the need for the party upon whom an item is served to actually receive it. *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.). Compliance with Rule 21a, including mailing a document, creates a rebuttable presumption that it was received. *Mathis*, 166 S.W.3d at 745; *Thomas v. Ray*,

889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding). Evidence of non-receipt negates the presumption. *Mathis*, 166 S.W.3d at 745. Receipt of notice can be of particular importance when incarcerated parties are involved because they require an intermediary to receive and distribute their mail. *See In re L.G.T.*, No. 05-17-00140-CV, 2017 Tex. App. LEXIS 5884, at *15 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.) (Held that a letter directed to the prison ordering an inmate to trial was not evidence that the inmate received notice of the trial setting.).

**Discussion**

Alcoser denied receiving notice of the hearing and provided documentation that the prison mailroom had no record of having received notice, triggering the necessity of proving service. *See Mathis*, 166 S.W.3d at 745. While Alcoser's statements at the hearing were not under oath, the oath requirement was waived in the absence of an objection, and the circumstances clearly indicated that he tendered the evidence on the record based on personal knowledge. *Id*. Even if the trial judge disbelieved Alcoser's testimony, that would not provide affirmative evidence that service occurred. *Id*.

The record includes an order, dated April 13, 2023, ordering Alcoser to appear at a hearing by telephone conference on May 5, 2023. The order setting the hearing does not contain a certificate of service or any other indication that it was served on Alcoser. Further, the record does not contain a notice of trial. The trial court's verbal assertion that it sent notice does not show compliance with Rule 21a. *See* Tex. R. App. P. 21a(e).

Neither does the judgment contain a recitation that Alcoser was given due notice of trial. *See P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Mach. Co.*, 629 S.W.2d 142, 143 (Tex. App.—Dallas 1982, writ ref'd n.r.e.) (Recitation in judgment that proper notice was given is prima facie evidence of proper notice and must be accepted as true in the absence of proof to the contrary.). Nothing in the record constitutes prima facie evidence of the fact of service and no presumption of receipt arose under Rule 21a. *See Mathis*, 166 S.W.3d at 745. Therefore, the trial court abused its discretion in holding the May 5, 2023 hearing. We sustain Alcoser's third issue.

## CONCLUSION

The trial court's failure to grant Alcoser's motion for continuance was an abuse of discretion requiring reversal. *See Kuykendall*, 436 S.W.3d at 813. Due to our disposition of Alcoser's third issue, we need not reach his remaining issues. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's judgment and remand this cause for further proceedings.

STEVE SMITH
Justice

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Reversed and remanded
Opinion delivered and filed January 30, 2025
[CV06]

